CYNTHIA A. ARROYO, #210348
Attorney At Law
740 "G" Street, Suite "F"
Reedley, California 93654
Telephone: (559) 638-8002
Fax: (559) 638-8023

Attorney for Movant: CARLOS GARCIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re | Chapter 13 |
| OSCAR GUTIERREZ, | CASE NO. 15-14228 |
| Debtor. | **EXHIBITS IN SUPPORT OF CARLOS GARCIA'S MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | **DATE: 1/28/2016**<br>**TIME: 1:30 p.m.**<br>**DEPT: Courtroom 13** |

| INDEX | | |
|---|---|---|
| **Number** | **Title** | **Pages** |
| 1 | Note | 1 |
| 2 | Deed of Trust | 3 |
| 3 | Notice of Default and Election to Sell | 4 |

1

**EXHIBITS IN SUPPORT OF CARLOS GARCIA'S**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**Case No. 15-14228**

| 4 | Notice of Trustees Sale | 2 |
| 5 | Deed of Trust executed by Debtor in favor of her attorney | 5 |

Dated: 12/17/15

CYNTHIA A. ARROYO,
Attorney for Movant, Carlos Garcia

**EXHIBITS IN SUPPORT OF CARLOS GARCIA'S**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**Case No. 15-14228**

# EXHIBIT "1"

# EXHIBIT "1"

**DO NOT DESTROY THIS NOTICE: When paid, this note, with Deed of Trust securing same, must be surrendered to Trustee for cancellation before reconveyance will be made.**

---

## STRAIGHT NOTE-SECURED BY DEED OF TRUST

122,000.00                                                                          **August 31, 2014**

On or before August 31, 2014, for , value received, I/We, promise to pay to, **Dayse Avila, Carlos Garcia and Minor Kayla Garcia**, or order, at place designated by holder, the sum of **Seven Hundred Thirty-Four Dollars ($734.00)** with interest from **August 31, 2014** on unpaid principal at the rate of **Five and one half percent (5.5%)** per annum, until **August 31, 2017** at which time the then unpaid principal balance together with any unpaid accrued interest will be due and payable in full.

Any late payments of (3) days or more is subject to penalty of 10% of monthly payment. This note may be extended by mutual agreement between buyer and seller. If within the five year period, buyer is delinquent three (3) times in one calendar year seller has the right to foreclose on property. APN# 375-103-02 Property Address 211 Center Street, Orange Cove California 93646

The Deed Trust securing this Note contains the following: If the Trustor shall sell, convey, or alienate said property or any part thereof, or any interest therein, or shall be divested of his/her title or any interest therein in any manner or way, whether voluntarily or obtained, beneficiary shall have the right, at its option, to declare any indebtedness or evidencing the same, immediately due and payable.

Privilege is reserved of prepaying the unpaid principal of this note in full or in part at any time without penalty.

This note is subject to section 2966 of Civil Code, which provides that the holder of this note shall give written notice to the Trustor, or his/her successor in interest, of prescribed information at least ninety (90) and not more than one hundred and fifty (150) days before any balloon payment is due.

Should default be made in payment of principal or interest when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Principal and interest payable in lawful money of the United States. If action be instituted on this note I promise to pay such sum as the Court may fix as attorney's fee. This note is secured by a Deed of Trust to FIDELITY NATIONAL TITLE COMPANY, a California corporation, as trustee.

Oscar Gutierrez

Leticia Camacho

# EXHIBIT "2"

# EXHIBIT "2"

3

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

Dayse Avila and Carlos Garcia
190 11th Street
Orange Cove, California 93646

FRESNO County Recorder
Paul Dictos, C.P.A.
**DOC- 2015-0035130**
Wednesday, MAR 25, 2015 15:03:45
Ttl Pd    $44.00    Rcpt # 0004280888
RGR/R4/2-3

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST AND ASSIGNMENT OF RENTS
*This Document Provided by Fidelity National Title*

**This Deed of Trust,** made this 31 day of August 2014 ,between Oscar Gutierrez Leticia Camacho herein called **Trustor,** whose address is 211 Center Street Orange Cove, California 93646 , and Dayse Avila Carlos Garcia and minor Kayla Garcia , herein called **Beneficiary,** whose address is 211 Center Street, Orange Cove, California 93646 and **Fidelity National Title** , A California corporation, herein called **Trustee,**

**Witnesseth:** THAT TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN **TRUST, WITH POWER OF SALE**, that property in    Fresno    County, California, described as:
Address 211 Center Street, Orange Cove, California 93646

The South 75 feet of the North 150 feet of the East 150 feet in Block 18 of the Town of Orange Cove, according to the map thereof recorded in Block 7, Pages 93 though 95 inclusive of Plats, Fresno County Records.

APN: 375-103-02

TOGETHER WITH the rents, issues and profits thereof, SUBJECT HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (11) of the provisions set forth below to collect and apply such rents, issues and profits. **For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidence by one promissory note of even date herewith, and any extension of renewal thereof, in the principal sum of $ 122,000.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

## To Protect the Security of This Deed of Trust, Trustor Agrees:
    (1)  That Trustor will observe and perform said provisions; and that the referenced to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations and parties set forth in this Deed of Trust.
    (2)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violations of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.
    (3)  To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured herein and in such order as beneficiary may determined or at option of Beneficiary the entire amount so collected or any part hereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereinunder or invalidate any act done pursuant to such notice.
    (4)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to record this Deed.

    (5)  To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or a part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

    Should Trustor fail to make any payment or  to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may be deemed necessary to protect the security herein.  Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or preceding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

    (6)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereon, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

    (7)  That any award of damages in connection with any condemnation for public use of or  injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

    (8)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

    (9)  That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement therein; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

    (10) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property  held hereunder.  The recitals in such RECONVEYANCE of matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may described as "The person or persons legally entitled thereto".  Five years after issuance of such full RECONVEYANCE, Trustee may destroy said Note and this Deed (unless directed in such request to retain them).

    (11) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving until Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collected and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebdtness hereby secured enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents issues and profits, including those past due and unpaid, and apply the same, less costs and expense of operation and collection, including reasonably attorney's fees, upon indebtedness secured hereby, and in such order as Beneficiary may determined.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

    (12) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record.  beneficiary also shall post it with Trustee this Deed said Note and all documents evidencing expenditures secured hereby.

    After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required y law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determined, a public auction to the highest bidder for cash in lawful money of the United States, payable a the time of sale.  Trustee may postpone sale of all or a portion of said property by public announcement of such time and place of sale, and from time to time thereafter may postpone sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any convenant or warranty, express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

    (13) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in wiring, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the County or Counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

    (14) That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and holder, including pledges of the note secured hereby whether or not named as Beneficiary herein.  In this Deed, whenever the contest so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

    (15) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or  proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor request that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Dated:

_____
Oscar Gutierrez

_____
Leticia Camacho

_____
Dayse Avila

_____
Carlos Garcia

---

STATE OF CALIFORNIA
COUNTY OF _FRESNO_____ }SS.

On _August 31, 2014_ before me, _ERMA R. RADTKE, NOTARY PUBLI_ (insert name) Notary Public, personally appeared _OSCAR GUTIERREZ, LETICIA CAMACHO, DAYSE AKILA and CARLOS GARCIA,_ who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Erma R. Radtke_____

ERMA R. RADTKE
Commission # 2017506
Notary Public - California
Fresno County
My Comm. Expires Apr 30, 2017

(This area for official notarial seal)

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

# EXHIBIT "3"

# EXHIBIT "3"

RECORDING REQUESTED BY:
First American Title

When Recorded Mail To:
WT Capital Lender Services, a California corporation
7522 North Colonial Avenue, Suite 101
Fresno, California 93711
4954616

FRESNO County Recorder
Paul Dictos, C.P.A.
DOC-
2015-0089754-00
Acct 55-First American Fresno ER
Tuesday, JUL 14, 2015 10:37:46
Ttl Pd    $28.00     Rcpt # 0004352083
ELP/R6/1-4

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
### Deed of Trust and Assignment of Rents (hereinafter referred to as 'Deed of Trust')

TS No.: 15-12789-01
Loan No.: **

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED*
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

*[PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT, BUT ONLY TO THE COPIES PROVIDED TO TRUSTOR.]

### IMPORTANT NOTICE
### IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,
and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$9,679.95** as of **7/8/2015**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

TS No.: **15-12789-01**
Loan No.: **\*\***

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Carlos Garcia, Dayse Avila and Kayla Garcia**
**c/o WT Capital Lender Services, a California corporation**
**7522 North Colonial Avenue, Suite 101**
**Fresno, California  93711**
**(559) 222-4644**

**If you have any questions, you should contact a lawyer or the governmental agency, which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT:  a) **WT Capital Lender Services, a California Corporation** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **8/31/2014**, executed by **Oscar Gutierrez and Leticia Camacho**, as Trustor, to secure certain obligations in favor of **Dayse Avila, Carlos Garcia and minor Kayla Garcia**, as Beneficiary, recorded on **3/25/2015, as Instrument No. 2015-0035130,**, of Official Records in the Office of the Recorder of **Fresno** County, California, describing land therein as more fully described on said Deed of Trust, including **ONE (1) NOTE(S) FOR THE ORIGINAL** sum of **$122,000.00**; b) the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the current beneficiary; and c) a breach of, and default in, the obligations for which such Deed of Trust is security has occurred as follows:

**FAILURE TO PAY THE FULL AMOUNT OF THE INSTALLMENT WHICH BECAME DUE ON 11/1/2014, AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH ALL LATE CHARGES, ADVANCES TO SENIOR LIENS, INTEREST, INSURANCE, TAXES AND ASSESSMENTS AFTER SAID DATE AND AFTER THE RECORDING OF THE NOTICE OF DEFAULT; THE AMOUNT OF $1,251.00 PREVIOUSLY ADVANCED BY BENEFICIARIES FOR REAL PROPERTY TAXES, AS REPORTED DELINQUENT; ANY DELINQUENT TAXES AND/OR INSURANCE PREMIUMS AND/OR PAYMENTS TO PRIOR LIENHOLDERS TO BE ADVANCED BY THE BENEFICIARY AFTER THE RECORDING OF THE NOTICE OF DEFAULT.**

NOTICE IS HEREBY GIVEN THAT by reason of the foregoing default(s), the present beneficiary under such Deed of Trust has executed and delivered to the duly appointed Trustee or agent for the trustee or beneficiary under such Deed of Trust, a written Declaration of Default and Instructions to Foreclose, and has deposited the original and/or a copy of such Deed of Trust and all documents evidencing obligations secured thereby with the duly appointed Trustee or agent for the trustee of beneficiary under such Deed of Trust, and has further declared, and does hereby declare, all sums secured thereby immediately due and payable and has elected, and does hereby elect, to cause the trust property to be sold to satisfy the obligations secured thereby.

TS No.: **15-12789-01**
Loan No.: **

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If this loan is subject to the terms of California Civil Code Section 2923.5 or 2923.55, the required declaration is attached hereto and incorporated herein by reference.

Dated: July 8, 2015                    WT Capital Lender Services, a California Corporation

BY: _____

Debra Francesconi, Senior Vice President

# WT CAPITAL LENDER SERVICES

7522 NORTH COLONIAL AVENUE, SUITE 101, FRESNO, CA 93711 TELEPHONE: (559) 228-8393 FACSIMILE: (559) 224-1861

## DECLARATION PURSUANT TO CALIFORNIA CIVIL CODE §2923.5 AND §2923.55

Re:  Loan #:     **                          TS#:    15-12789-01
     Trustor:    Oscar Gutierrez and Leticia Camacho

The undersigned beneficiary or their authorized agent for the beneficiary hereby represents and declares as follows:

A.  ☐ The provisions of California Civil Code section 2923.5 and California Civil Code section 2923.55 do not apply to this foreclosure.

-or-

B.  ☒ This foreclosure is subject to the terms of Civil Code section 2923.5 or Civil Code section 2923.55 and lender has complied with the contact and/or due diligence requirements of the appropriate code section.

The undersigned hereby instructs the trustee to proceed with foreclosure proceedings and expressly authorizes the trustee or their authorized agent to sign the notice of default containing the declaration regarding borrower contact required pursuant to California Civil Code §2923.5 or §2923.55.

I declare under penalty of perjury under the laws of the State of California that to the best of my knowledge the foregoing is true and correct.

Dated:  7-10-15                   By:  _____

**Addendum to Notice of Default**

# EXHIBIT "4"

# EXHIBIT "4"

RECORDING REQUESTED BY:

First American Title

AND WHEN RECORDED MAIL TO:

WT Capital Lender Services, a California corporation
7522 North Colonial Avenue, Suite 101
Fresno, California 93711

FRESNO County Recorder
Paul Dictos, C.P.A.
DOC-
2015-0133616-00
Acct 55-First American Fresno ER
Thursday, OCT 15, 2015 08:00:00
Ttl Pd    $22.00     Rcpt # 0004408981
JE/R5/1-2

4954616

T.S. No.: 15-12789-01
Loan No.: **

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED*
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

*[PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO
ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT,
BUT ONLY TO THE COPIES PROVIDED TO TRUSTOR.]

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 8/31/2014. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below.  The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below.  The amount may be greater on the day of sale.

Original Trustor(s): **Oscar Gutierrez and Leticia Camacho**
Duly Appointed Trustee: **WT Capital Lender Services, a California Corporation**
Recorded 3/25/2015, as Instrument No. 2015-0035130, of Official Records in the office of the Recorder of Fresno County, California
Date of Sale: 11/9/2015 at 10:00 AM

T.S. No.: **15-12789-01**
Loan No.: **\*\***

# NOTICE OF TRUSTEE'S SALE

Place of Sale:    **AT THE MAIN ENTRANCE TO THE BUILDING LOCATED AT 7522 NORTH COLONIAL AVENUE, FRESNO, CALIFORNIA**

Amount of unpaid balance and other charges: **$140,104.15 Estimated**

Street Address or other common designation of real property: **211 Center Street, Orange Cove, California**

Legal Description:

**THE SOUTH 75 FEET OF THE NORTH 150 FEET OF THE EAST 150 FEET IN BLOCK 18 OF THE TOWN OF ORANGE COVE, ACCORDING TO THE MAP THEREOF RECORDED IN BOOK 7, PAGES 93 THROUGH 95 INCLUSIVE OF PLATS, FRESNO COUNTY RECORDS**

**A.P.N.: 375-103-02**

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.  If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may visit the Internet Web site address listed below for information regarding the sale of this property, using the file number assigned to this case file number. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Date: October 14, 2015

WT Capital Lender Services, a California corporation
7522 North Colonial Avenue, Suite 101, Fresno, California  93711
(559) 222-4644    WTCap.com

By _____
**Debra Francesconi, Senior Vice President**

# EXHIBIT "5"

# EXHIBIT "5"

RECORDING REQUESTED BY

PASCUZZI, PASCUZZI & STOKER

AND WHEN RECORDED MAIL THIS TO:

ROBERT C. ABRAMS
PASCUZZI, PASCUZZI & STOKER
2377 W. SHAW AVENUE, SUITE 101
FRESNO, CA 93711

APN: 375-103-02



FRESNO County Recorder
Paul Dictos, C.P.A.
DOC- 2015-0058958
Check Number 7268
Wednesday, MAY 13, 2015 11:16:13
Ttl Pd    $31.00    Rcpt # 0004312023
APR/R7/1-5

---

## DEED OF TRUST
### (Acceleration Clause)

**This DEED OF TRUST**, made this 4th day of May 2015 between

      **OSCAR GUTIERREZ and LETICIA CAMACHO,** whose address is 211 Center Street, Orange Cove, CA 93646

herein called TRUSTOR,

      **PASCUZZI, PASCUZZI & STOKER,** a Professional corporation,

herein called TRUSTEE, and

      **PASCUZZI, PASCUZZI & STOKER, A PROFESSIONAL CORPORATION,** 2377 W. Shaw Avenue, Suite 101, Fresno, California 93711

herein called BENEFICIARY,

**Witnesseth:** That Trustor **IRREVOCABLY GRANTS, TRANSFERS, AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in Fresno County, California described as:

      See Exhibit A hereto

      If the Trustor shall convey or alienate said property or any part thereof or any interest therein or shall be divested of his title in any manner or way, whether voluntary or involuntary any indebtedness or obligation secured hereby, irrespective of the maturity date expressed in any note evidencing the same, at the option of the Beneficiary and without demand or notice shall become due and payable immediately.

      TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, of the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issue and profits.

      FOR THE PURPOSE OF SECURING: 1. Performance and payment of legal fees, costs and services under that Attorney Services and Fee Agreement of even date herewith, between Trustors and Beneficiary incorporated herein by reference in an amount not to exceed $80,000.

2. Payment of such further legal expenses as the then record owner of said property hereafter may become indebted to Beneficiary, when evidenced by a note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees:

(1) Not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violations of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which form the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To appear in and defend any action or proceeding purporting to affect the security hereof of the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum; in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(3) To pay; at least ten days before delinquency all taxes and assessment affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary of Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(4) To pay immediately and without demand all sums so expended by Beneficiary or Trustee and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(5) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(6) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(7) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby. Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(8) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(9) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon and indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(10) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law. Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(11) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original

Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(12) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(13) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Date: _____ May 9 2015      Date: _____ May 9, 2015

_____      _____
Oscar Gutierrez      Leticia Camacho

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF FRESNO

On 5/9/2015 , before me, _Anna G Guerra_ , Notary Public, personally appeared _Oscar Gutierrez and Leticia Camacho_ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

ANNA G. GUERRA
Commission # 1960847
Notary Public - California
Fresno County
My Comm. Expires Nov 18, 2015

_____
Signature of Notary

## EXHIBIT A

THE SOUTH 75 FEET OF THE NORTH 150 FEET OF THE EAST 150 FEET IN BLOCK 18 OF THE TOWN OF ORANGE COVE, ACCORDING TO THE MAP THEREOF RECORDED IN BOOK 7, PAGES 93 THROUGH 95 INCLUSIVE OF PLATS, FRESNO COUNTY RECORDS.

APN: 375-103-02
Commonly known as: 211 Center Street, Orange Cove, CA  93646.