CYNTHIA A. ARROYO, #210348
Attorney At Law
740 "G" Street, Suite "F"
Reedley, California 93654
Telephone: (559) 638-8002
Fax: (559) 638-8023

Attorney for Movant: CARLOS GARCIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re | Chapter 13 |
| OSCAR GUTIERREZ, | CASE NO. 15-14228 |
| Debtor. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>DATE: 1/28/2016<br>TIME: 1:30 p.m.<br>DEPT: Courtroom 13 |

　　CARLOS GARCIA ("Movant") submits the following memorandum of points and authorities in support of its Motion for Relief from Automatic Stay.

**I. FACTUAL AND PROCEDURAL SUMMARY**

　　On or about August 31, 2014, Oscar Gutierrez ("Debtor") executed a promissory note in the principal sum of $122,000.00 (the "Note"), which was made payable to CARLOS GARCIA (*See* Exhibits in Support of Motion for Relief from Automatic Stay ("Exhibits'), **Exhibit 1**)

　　The Note is secured by a recorded deed of trust (the "Deed of Trust") encumbering the real property located at 211 Center Street, Orange Cove, California, 93646 ( the "Property"). (*See* Exhibits, **Exhibit 2)**

　　On July 14, 2015, Movant caused to be recorded and served on Debtor a Notice of

Default and Election to sell under the Deed of Trust. (See Exhibits, **Exhibit 3**)

On October 15, 2015, Movant caused to be recorded and served on Debtor a Notice of Trustee's Sale, (See Exhibits, **Exhibit 4**), with said Notice stating that the Property was scheduled to be sold on November 9, 2015 and the total amount due in the notice of sale is $140,104.15.

On October 30, 2015, Debtors commenced the instant case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code. The mother of his children, with whom he lives, filed a separate Chapter 7, Bankruptcy Case number 15-4225-B-7, on the same day. Movant has filed a similar motion in said case.

Debtor is in default of his obligation under the Note for failure to make payments due and owing to Movant as of November 1, 2014. (*See* Declaration)

As of December 1, 2015, the arrearage owed under the Note is $10,276.00. An additional payment will come due on January 1, 2016, and on the 1st day of each month thereafter until the Loan is paid in full. (*See* Declaration)

As of December 1, 2015, the estimated payoff owing under the Note is the approximate sum of $140,104.15. (*See* Declaration)

## II. LEGAL ARGUMENT

### A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURUANT TO 11 U.S.C 362 (d)(2)

Sections 362 (d)(2) provides, in pertinent part:

(d) ON request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

    (2) with respect to a stay of an act against property under subsection (a) of this section, if-

        (A) the debtor does not have any equity in such property; and

        (B) such property is not necessary to an effective reorganization…

11 U.S.C. 362(d) (2). For purposes of Section 362(d) (2), "equity" is defined as the difference between the value of the property and *all encumbrances upon it. Stewart v. Gurley,* 745 F. 2d 1194 (9th Cir. 1984) (emphasis added). Section 362 (d)(2) reflects Congressional intent

to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, *even where the debtor can provide adequate protection under Section (d)(1)*. In re San Clemente Estates, 5 B.R. 605, (Bankr. S.D. Cal 1980) (emphasis added). Since a Chapter 7 case does not contemplate reorginzation, the sole issue before the court when stay relief is sought under section 362 (d) (2) is whether debtor has equity in the property. *See e.g.,* Nev. *Nt'l Bank v. Casbul of Nev. Inc.,* 22 B.R. 65, 66 (9th Cir. BAP 1982); *Ramco Indus v. Preuss (in re Preuss),* 15 B.R. 896 (9th Cir. BAP 1981).

Movant is informed and believes that, based on the Debtor's sworn bankruptcy schedules; the fair market value of the Property is approximately $75,000.00.

Talking into account all of the liens encumbering the Property and the reasonable costs associated with the sale of the Property, Movant maintains the Debtor's and/or the estate's equity in the Property is as follows:

| | | |
|---|---|---|
| Fair Market Value: | | $75,000.00 |
| Less: | | |
| | Movant's Trust Deed: | $122,000.00 |
| | Costs of Sale (8%): | $6,000.00 |
| Equity in the Property: | | $(53,000.00) |

Since there is little to no equity in the Property for the benefit of the bankruptcy estate and this is a Chapter 13 proceeding with no reorganization in prospect, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C 362 (d)(2)

**B.    Movant Is Entitled To Relief From The Automatic Stay Pursuant To 11 U.S.C (d) (1)**

Section 362 (d) (1) provides, in pertinent part:

(d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning stay-

(1)    *For cause,* including the lack is adequate protection of an interest in property of such party in interest…

11 U.S.C 362 (d) (1). (emphasis added). A lack of adequate is one example of "cause" for relief from stay. *In re Ellis,* 60 B.R. 432, 435 (9th Cir. BAP 1985). The lack of a sufficient equity

cushion and/or a debtor's failure to tend periodic cash payments constitutes a lack of adequate protection. *See e.g., In re Mellor,* 734 F. 2nd 7396 (9th Cir. 1984) (citation omitted).

As previously discussed, Debtor has failed to tender periodic cash payments due and owing to Movant under the Note. Moreover, Movant's interest in the Property is not protected by an unwilling to provide adequate protection to Movant and, thus, Movant is entitled to relief from the automatic stay pursuant to 1 U.S.C 362 (d) (1).

Further, movant asserts that Debtor's Chapter 13 filing was done in bad faith. Debtor has very few creditors amounting to a little over $10,000.00 in debt. The largest creditor being movant. Debtor filed his Chapter 13 Bankruptcy on the eve of the sale of the property that was to occur pursuant to the Trustee's Notice of Sale. Prior to filing her Chapter 13 Bankruptcy, Debtor encumbered the property by executing a Deed of Trust in favor of his attorney's office in an amount not to exceed $80,000.00 (See Exhibits, Exhibit "5".) Yet, in his Chapter 13 Petition the Debtor does not declare said debt. Clearly, Debtor's Chapter 13 bankruptcy filing was done in bad faith and is a further ground for termination of the stay and Dismissal.

### IV. CONCLUSION

For all of the reason discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C 362 (a).

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1. Terminating the automatic stay of 11 U.S.C 362(a) to all Movant (and any successors to assign) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. Waiving the 14-day stay prescribed by Rule 4001 (a) (3) of the Federal Rule of Bankruptcy Procedure;

3. Permitting Movant to recover his reasonable attorney's fees and costs incurred in prosecuting the instant motion by adding these amounts to the outstanding balance due under the Note, as allowed under applicable non-bankruptcy law; and

4. Granting Movant such other and further relief as the court deems just and proper.

Dated: 12-17-15

CYNTHIA A. ARROYO
Attorney Movant Carlos Garcia

4
**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY
Case No. 15-14228**