GLEN E. GATES  #85885
**PASCUZZI, PASCUZZI & STOKER**
A Professional Corporation
2377 West Shaw Avenue, Suite 101
Fresno, California  93711
Telephone:    (559) 227-1100
Facsimile:    (559) 227-1290
E-mail:    ggates@pascuzzi.net

Attorneys for: Debtor Oscar Gutierrez

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
*****

| | |
|---|---|
| In the Matter of | Case No. 2015-14228-B-13 |
| Oscar Gutierrez | Chapter 13 |
| | DCN:  CAA-1 |
| Debtor, | **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE MOTION FOR RELIEF FROM AUTOMATIC STAY OF CARLOS GARCIA** |
| | DATE:   January 28, 2016 |
| | TIME:    1:30 p.m. |
| | PLACE:  U.S. Courthouse |
| |         5th Floor, Dept. B, Courtroom 13 |
| |         2500 Tulare Street |
| |         Fresno, CA 93721 |
| | JUDGE:  Hon. Rene Lastreto II |

COMES NOW, Debtor OSCAR GUTIERREZ, and submits the following Memorandum of Points and Authorities in opposition to the Motion for Relief from Stay.

## I. INTRODUCTION

The entire motion brought by Carlos Garcia ("Movant") rests on the claim that the Debtor executed a promissory note and further executed a deed of trust encumbering property at the residence of the Debtor located at 211 Center Street, Orange Cove, CA 93646

-1-

on August 31, 2014. Debtor denies, as per his declaration, that on August 31, 2014 he signed a promissory note and or a deed of trust encumbering the residence.

The motion brought by the Creditor Carlos Garcia is a blatant fraud on the Court and a fraud against the Debtor.

The claim that the Debtor's signature was notarized is also invalid. Attached as **Exhibit 4** to the exhibits in opposition to the motion, is a facsimile of the notary book purportedly signed by Erma Radtke. As can be seen by the exhibit, the deed of trust was purportedly signed at the 211 Center Street, Orange Cove, CA 93646 by Oscar Gutierrez (Debtor and one half interest owner of the property) and Leticia Camacho (Debtor and one half property owner). The notary book indicates that neither party, Oscar Gutierrez or Leticia Camacho, had any type of identification. The notary book does not indicate and does not have a thumbprint of either signer of the deed of trust. The signature on the notary book is an obvious forgery.

The Debtors deny ever borrowing money from Carlos Garcia. There is no loan from Carlos Garcia but only a loan from his deceased mother which is unsecured.

As indicated in the Debtor's declaration, the sole purpose in filing his bankruptcy was to stay the wrongful foreclosure of Carlos Garcia et al.

Any claim of Carlos Garcia dependent on the notarized deed of trust as security for any other claim is totally without merit.

Simultaneously with the filing of this opposition, Debtors, Oscar Gutierrez and Leticia Camacho filed an Adversary Proceeding against Carlos Garcia, WT Capital Lender Services and Irma Radtke, the notary for damages quiet title and removal of any liens on the property based on the claim of the signatures by the Debtor on August 31, 2014.

## II. LEGAL ARGUMENT

A.     **THE MOVING PARTY IS NOT ENTITLED TO RELIEF FROM STAY**

There's no dispute as to the content of 11 U.S.C §362 (d) (2). The cases cited in the motion supporting points and authorities by moving party deal with those situations where the real property serve as collateral for a note. The cases discuss equity in the property.

-2-

Based on the failure of the Creditor to have a secured interest in property because of the obvious, blatant fraudulent acts of the Creditor, all equity in the subject real property is the Debtor's and claim as his homestead exemption.

It should be noted that the relief from stay presupposes a valid note and a valid deed of trust. As can be seen by the declaration of James Tarver, accompanying this opposition, the note and deed of trust purportedly signed by the Debtor is not the signature of the Debtor. To the extent that the Debtor did not sign the deed of trust, there is no collateral even if there were a valid promissory note to the moving party. In that case the moving party is merely an unsecured creditor. Absent a valid deed of trust securing up a valid promissory note, this moving party has no basis for any type of relief whatsoever.

The moving party asserts that there was some type of bad faith because the Debtor filed the Chapter 13 bankruptcy on the eve of the sale pursuant to a trustee's notice of sale. The moving party does not cite any case authority indicating that the filing of a bankruptcy on the eve of a sale, regardless of the validity of the sale, is bad faith. The moving party brings up the fact that the Debtor's counsel in May 2015 received a deed of trust on the subject real property. As can be seen by the declaration of Robert Abrams filed simultaneously with this opposition, the sole purpose of the deed of trust was to secure legal fees in bringing an injunctive proceeding in state court against the moving party and all those claiming collateral rights in the underlying deed of trust. As can be seen by the declaration of Robert Abrams, prior to filing the bankruptcy the firm of Mr. Abrams (present Debtor's counsel) reconveyed all rights title and interest under its deed of trust to the debtor. Further, all debts that had been accumulated for legal services, were forgiven prior to the filing of the Chapter 13 proceeding. There's absolutely no bad faith nor can there be any factual or legal basis for such an argument.

### III. CONCLUSION

There is no entitlement to any type of relief from stay because there is there is no valid deed of trust. There was never a loan and there is no valid promissory note. What is present is a fraudulent act by the moving party and the notary in an attempt to secure an

otherwise unsecured transaction.

　　　　This Debtor requests an evidentiary hearing on all issues including the determination by the Court that there is no valid signed deed of trust or promissory note. Further, Debtor's request the Court to deny the relief from stay motion and ordered that the deed of trust be removed from the title.

　　　　Debtor also requests reasonable attorney's fees and Court costs.

Respectfully submitted,

Dated: January 12, 2016

PASCUZZI, PASCUZZI & STOKER

_____
Glen E. Gates
Attorney for Oscar Gutierrez

PASCUZZI, PASCUZZI & STOKER
2377 West Shaw Avenue, Suite 101
Fresno, California 93711

-4-

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE MOTION FOR RELIEF FROM AUTOMATIC STAY OF CARLOS GARCIA**