GLEN E. GATES #85885
**PASCUZZI, PASCUZZI & STOKER**
A Professional Corporation
2377 West Shaw Avenue, Suite 101
Fresno, California 93711
Telephone: (559) 227-1100
Facsimile: (559) 227-1290
E-mail: ggates@pascuzzi.net

Attorneys for: Debtor Oscar Gutierrez

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
\*\*\*\*\*

In the Matter of

Oscar Gutierrez

Debtor,

Case No. 2015-14228-B-13

Chapter 13

DCN: CAA-1

**EXHIBITS 1-4 IN SUPPORT OF OPPOSITION TO THE MOTION FOR RELIEF FROM AUTOMATIC STAY OF CARLOS GARCIA**

DATE: January 28, 2016
TIME: 1:30 p.m.
PLACE: U.S. Courthouse
5th Floor, Dept. B, Courtroom 13
2500 Tulare Street
Fresno, CA 93721

JUDGE: Hon. Rene Lastreto II

| Exhibit | Document Title | Page |
|---|---|---|
| 1 | Straight Note-Secured by Deed of Trust | 2 |
| 2 | Deed of Trust (Pascuzzi, Pascuzzi & Stoker) | 3 |
| 3 | Deed of Reconveyance | 8 |
| 4 | Facsimile of notary book | 11 |

DATED: 1/12/16

Glen E. Gates

-1-

**EXHIBITS 1-4 IN SUPPORT OF OPPOSITION TO THE MOTION FOR RELIEF FROM AUTOMATIC STAY OF CARLOS GARCIA**

**EXHIBIT 1**

DO NOT DESTROY THIS NOTE: When paid, this note, with Deed of Trust securing same, must be surrendered to Trustee for cancellation before reconveyance will be made.

## STRIGHT NOTE-SECURED BY DEED OF TRUST

$122,000.00    May 29, 2012

On or before May 29, 2012, for value received, I/We, promise to pay to, Yolanda Villegas Garcia, or order, at place designated by holder, the sum of Seven Hundred Thirty-Four Dollars ($734.00) with interest from May 29, 2012 on unpaid principal at the rate of Five and one half percent (5.5%) per annum, until May 29, 2017 at which time the then unpaid principal balance together with any unpaid accrued interest will be due and payable in full.

Any late payments of (3) days or more is subject to penalty of 10% of monthly payment. This note may be extended by mutual agreement between buyer and seller. If within the five year period, buyer is delinquent three (3) times in one calendar year seller has the right to foreclose on property.
APN# 375-103-02  Property Address: 211 Center Street, Orange Cove Ca 93646

The Deed of Trust securing this Note contains the following: If the Trustor shall sell, convey, or alienate said property or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the beneficiary being first had and obtained, beneficiary shall have the right, at its option, to declare any indebtedness or obligation secured hereby, irrespective of the maturity date specified in any Note evidencing the same, immediately due and payable

Privilege is reserved of prepaying the unpaid principal of this note in full or in part at any time without penalty.

This note is subject to section 2966 of Civil Code, which provides that the holder of this Note shall give written notice to the Trustor, or his successor in interest, of prescribed information at least ninety (90) and not more than one hundred and fifty (150) days before any ballon payment is due.

Should default be made in payment of principal or interest when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Principal and interest payable in lawful money of the United States. If action be instituted on this note I promise to pay such sum as the Court may fix as attorney's fees. This note is secured by a Deed of Trust to CHICAGO TITLE COMPANY, a California corporation, as trustee.

_____
Oscar Gutierrez

_____
Leticia Camacho

**EXHIBIT 2**

RECORDING REQUESTED BY

PASCUZZI, PASCUZZI & STOKER

AND WHEN RECORDED MAIL THIS TO:

ROBERT C. ABRAMS
PASCUZZI, PASCUZZI & STOKER
2377 W. SHAW AVENUE, SUITE 101
FRESNO, CA 93711

APN:  375-103-02



FRESNO County Recorder
Paul Dictos, C.P.A.
DOC- 2015-0058958
Check Number  7268
Wednesday, MAY 13, 2015 11:16:13
Ttl Pd   $31.00    Rcpt # 0004312023
                   APR/R7/1-5

---

## DEED OF TRUST
(Acceleration Clause)

**This DEED OF TRUST,** made this 4th day of May 2015 between

**OSCAR GUTIERREZ and LETICIA CAMACHO,** whose address is 211 Center Street, Orange Cove, CA 93646

herein called TRUSTOR,

**PASCUZZI, PASCUZZI & STOKER,** a Professional corporation,

herein called TRUSTEE, and

**PASCUZZI, PASCUZZI & STOKER, A PROFESSIONAL CORPORATION,** 2377 W. Shaw Avenue, Suite 101, Fresno, California 93711

herein called BENEFICIARY,

**Witnesseth:** That Trustor **IRREVOCABLY GRANTS, TRANSFERS, AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in Fresno County, California described as:

See Exhibit A hereto

If the Trustor shall convey or alienate said property or any part thereof or any interest therein or shall be divested of his title in any manner or way, whether voluntary or involuntary any indebtedness or obligation secured hereby, irrespective of the maturity date expressed in any note evidencing the same, at the option of the Beneficiary and without demand or notice shall become due and payable immediately.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, of the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issue and profits.

FOR THE PURPOSE OF SECURING: 1. Performance and payment of legal fees, costs and services under that Attorney Services and Fee Agreement of even date herewith, between Trustors and Beneficiary incorporated herein by reference in an amount not to exceed $80,000.

2. Payment of such further legal expenses as the then record owner of said property hereafter may become indebted to Beneficiary, when evidenced by a note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees:

(1) Not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violations of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which form the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To appear in and defend any action or proceeding purporting to affect the security hereof of the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(3) To pay; at least ten days before delinquency all taxes and assessment affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary of Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(4) To pay immediately and without demand all sums so expended by Beneficiary or Trustee and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(5) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(6) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(7) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby. Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(8) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(9) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon and indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(10) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law. Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(11) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original

Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(12) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(13) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Date: _May 9, 2015_   Date: _May 9, 2015_

_Oscar Gutierrez_   _Leticia Camacho_

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF FRESNO

On _5/9/2015_, before me, _Anna G Guerra_, Notary Public, personally appeared _Oscar Gutierrez and Leticia Camacho_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) ~~is~~/are subscribed to the within instrument and acknowledged to me that ~~he/she~~/they executed the same in ~~his/her~~/their authorized capacity(ies), and that by ~~his/her~~/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

ANNA G. GUERRA
Commission # 1960847
Notary Public - California
Fresno County
My Comm. Expires Nov 18, 2015

Signature of Notary

# EXHIBIT A

THE SOUTH 75 FEET OF THE NORTH 150 FEET OF THE EAST 150 FEET IN BLOCK 18 OF THE TOWN OF ORANGE COVE, ACCORDING TO THE MAP THEREOF RECORDED IN BOOK 7, PAGES 93 THROUGH 95 INCLUSIVE OF PLATS, FRESNO COUNTY RECORDS.

APN: 375-103-02
Commonly known as: 211 Center Street, Orange Cove, CA   93646.

**EXHIBIT 3**

**RECORDING REQUESTED BY:**

Pascuzzi, Pascuzzi & Stoker

**WHEN RECORDED MAIL TO:**

NAME: Pascuzzi, Pascuzzi & Stoker

ADDRESS: 2377 W. Shaw Ave., Suite 101

CITY: Fresno
STATE/ZIP: California 93711

```
FRESNO County Recorder
Paul Dictos, C.P.A.
DOC- 2015-0139087
Check Number  7905
Wednesday, OCT 28, 2015 11:06:25
Ttl Pd    $25.00      Rcpt # 00004416062
                              RGR/R4/1-3
```

Title Order No.: _____    Space Above This Line For Recorder's Use    Loan No.: _____

# FULL RECONVEYANCE

Pascuzzi, Pascuzzi & Stoker _____,a
_____ corporation, as Trustee under a Deed of Trust executed by
Oscar Gutierrez & Leticia Camacho _____, as
Trustor(s), dated May 9, 2015 _____, _____, and recorded on
May 13, 2015 _____, _____ as Instrument No. 2015-0058958 _____,
in Book _____, Page _____, of Official Records, in the Office of the
County Recorder of Fresno _____ County, describing the property therein
as follows (Assessor's Parcel No. 375 103 02 _____):

(SEE ATTACHMENT EXHIBIT "A")

having received from the holder of the obligations thereunder a written request to reconvey, reciting that all sums secured by said Deed of Trust have been fully paid, and said Deed of Trust and the note or notes secured thereby having been surrendered to said Trustee for cancellation, does hereby reconvey to the person or persons legally entitled thereto, without warranty, all the estate, title and interest acquired and now held by said Trustee in said Deed of Trust.

Dated: 10/26/2015

HARRY PASCUZZI, PRESIDENT
PASCUZZI, PASCUZZI & STOKER

## EXHIBIT A

THE SOUTH 75 FEET OF THE NORTH 150 FEET OF THE EAST 150 FEET IN BLOCK 18 OF THE TOWN OF ORANGE COVE, ACCORDING TO THE MAP THEREOF RECORDED IN BOOK 7, PAGES 93 THROUGH 95 INCLUSIVE OF PLATS, FRESNO COUNTY RECORDS.

APN: 375-103-02
Commonly known as: 211 Center Street, Orange Cove, CA   93646.

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA     )
                        )
COUNTY OF FRESNO        )

On _October 26, 2015_, before me, _Maria Isaura Jimenez Prieto_, Notary Public, personally appeared _Harry Pascuzzi_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary

MARIA ISAURA JIMENEZ PRIETO
Commission # 2049526
Notary Public - California
Fresno County
My Comm. Expires Nov 21, 2017

**EXHIBIT 4**

| Address Where Notarization Performed | Document A/c c Type Date | Name and Address of Signer | Identification of Signer | Additional Information | Notary Fee |
|---|---|---|---|---|---|
| 211 CENTER ST | | OSCAR GUTIERREZ | ☐ Personally known to the Notary ☐ ID Cards — Describe each card below ☑ Credible Witness(es) — Include signature of each witness | UNDOCUMENTED NO ID | |
| ORANGE COVE, CA 93646 | | 211 CENTER ST ORANGECOVE, CA 93646 | Witness: RICHARD GARZA DL# CA 21449381 exp. 12-18 | Dob 1-3-'69 | 10⁰ |
| 211 CENTER ST | | LETICIA CAMACHO | ☐ Personally known to the Notary ☐ ID Cards — Describe each card below ☑ Credible Witness(es) — Include signature of each witness | UNDOCUMENTED NO ID | |
| ORANGE COVE CA 93646 | | 211 CENTER ST ORANGE COVE | WITNESS: RICHARD GARZA DL# CA 21449381 exp 1-3-18 | DOB 1-3-'69 | 10⁰ |

| Address Where Notarization Performed | Document A/c c Type Date | Name and Address of Signer | Identification of Signer | Additional Information | Notary Fee |
|---|---|---|---|---|---|
| 211 CENTER ST | | OSCAR GUTIERREZ | Witness: RICHARD GARZA DL# CA 21449381 exp. 12-18 | UNDOCUMENTED NO ID Dob 1-3-'69 | 10⁰ |
| ORANGE COVE CA 93646 | | 211 CENTER ST ORANGECOVE, CA 93646 | WITNESS: RICHARD GARZA DL# CA 21449381 exp 1-3-18 | UNDOCUMENTED NO ID DOB 1-3-'69 | 10⁰ |

| # | Right Thumbprint of Signer | Signature of Signer |
|---|---|---|
| 1 | Top of thumb here | |
| 2 | Top of thumb here | |