**6**
GLEN E. GATES  #85885
**PASCUZZI, PASCUZZI & STOKER**
**A Professional Corporation**
2377 West Shaw Avenue, Suite 101
Fresno, California  93711
Telephone:　(559) 227-1100
Facsimile:　(559) 227-1290
E-mail:　　ggates@pascuzzi.net

Attorneys for: Debtor Oscar Gutierrez

# UNITED STATES BANKRUPTCY COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

*****

| | |
|---|---|
| IN RE:<br>OSCAR GUTIERREZ,<br><br>　　　　　　　　　　Debtor. | Case No. 2015-14228-B-13<br><br>Chapter 13<br><br>Adversary Proceeding No. |
| OSCAR GUTIERREZ,<br><br>　　　　　　　　　　Plaintiff.<br><br>　　vs.<br>CARLOS GARCIA, an individual, KAYLA GARCIA, a minor, DAYSE AVILA, an individual; ERMA R. RADTKE, an individual, WT CAPITAL LENDER SERVICES, a California corporation,<br><br>　　　　　　　　　　Defendants. | **COMPLAINT TO DETERMINE NATURE, EXTENT AND VALIDITY OF LIENS; DECLARATORY RELIEF; SLANDER OF TITLE; QUIET TITLE; NEGLIGENCE OF NOTARY PUBLIC AND SURETIES** |

　　　　Plaintiff Oscar Gutierrez debtor herein brings this adversary proceeding against defendants and all of them and alleges as follows:

　　　　1.　　The plaintiff is a debtor in the above-noted matter.

　　　　2.　　Plaintiff filed his Chapter 13 proceeding October 30, 2015 and remains a debtor-in-possession. Venue is proper in this district because of 28 U.S.C. §1409(a).

COMPLAINT

3. This is a core proceeding under 28 U.S.C. §157 (b).

4. This adversary is brought pursuant to FRBP 7001.

5. On information and belief, at all times mentioned herein, Defendants, CARLOS GARCIA and minor KAYLA GARCIA, hereinafter collectively referred to as ("the Garcias") are residents of the County of Fresno, State of California.

6. On information and belief, at all times mentioned herein, Defendant, DAYSE AVILA, hereinafter referred to as ("AVILA") an individual, is a resident of the County of Fresno, State of California.

7. On information and belief, at all times mentioned herein, Defendant, ERMA R. RADTKE, hereinafter referred to as ("RADTKE") an individual, is a resident of the County of Fresno, State of California.

8. On information and belief, at all times mentioned herein, Defendant, WT CAPITAL LENDER SERVICES, hereinafter referred to as ("WT Capital") a California Corporation, is authorized to do business in the State of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. The subject of this action is certain real property commonly known as: 211 Center Street, Orange Cove, California 93646, hereinafter referred to as "SUBJECT PROPERTY," APN No. 375-103-02, and more particularly described as:

> **THE SOUTH 75 FEET OF THE NORTH 150 FEET OF THE EAST 150 FEET IN BLOCK 18 OF THE TOWN OF ORANGE COVE, ACCORDING TO THE MAP THEREOF RECORDED IN BLOCK 7, PAGES 93 THROUGH 95 INCLUSIVE OF PLATS, FRESNO COUNTY RECORDS.**

10. The Plaintiff a tenant in common purchased the SUBJECT PROPERTY with the mother of his children Leticia Camacho also a tenant in common from Yolanda Villegas Garcia, who is now deceased. A true and correct copy of the Grant Deed is attached as **Exhibit 1** to the exhibits of this complaint.

11. On August 31, 2014 the Plaintiff signed an agreement directing all payments for THE SUBJECT PROPERTY purchased from Yolanda Villegas Garcia to

COMPLAINT

1　　AVILA and the GARCIAS, the children of the deceased.

2　　　　12.　　Several months after August 31, 2014, AVILA and GARCIA stopped coming
3　　to collect the payments.

4　　　　13.　　At some time in July 2015 the Plaintiff was notified that the SUBJECT
5　　PROPERTY was going to be sold at a foreclosure sale due to a lack of payments.

6　　　　14.　　Plaintiff upon becoming aware that the SUBJECT PROPERTY was going to
7　　be sold immediately sought to somehow refinance the property to pay off the original Note, a
8　　true and correct copy is attached as **Exhibit A1**. The research led to the discovery that a Deed
9　　of Trust had been allegedly signed by the Plaintiff on August 31, 2014 and had been
10　　fraudulently recorded. A true and correct copy is set forth as **Exhibit 2** in the exhibit lists of
11　　this complaint. Additionally, Debtor found out that a Note purportedly to have his signature
12　　(along with the mother of his children).

13　　　　15.　　The Plaintiff alleges that he did not sign the Note nor did sign the Deed of
14　　Trust and at no time did he appear in front of IRMA K RADTKE or any other notary on
15　　August 31, 2014.

## COUNT 1

## DETERMINATION OF THE NATURE, EXTENT AND VALIDITY OF THE LIEN

[against Defendants AVILA, and the GARCIAS]

19.　　16.　　The Plaintiff incorporates paragraphs 1 through 15, as though fully set forth
20　　herein.

21　　　　17.　　Any lien stemming from the forged Deed of Trust should be deemed and are
22　　void. The signature on the deed is not the signature of Plaintiff. At no time did the Plaintiff
23　　give permission to any other person to sign his name.

24　　　　18.　　AVILA and GARCIAS were aware that the Plaintiff did not actually sign the
25　　Deed of Trust.

26　　　　19.　　The Deed of Trust should be deemed to be without validity or merit. Further,
27　　based on the fact that the Note was forged, there is no evidence of indebtedness.

28

-3-

COMPLAINT

## COUNT 2

## QUIET TITLE

[against Defendants AVILA, the GARCIAS and WT CAPITAL]

20. Plaintiff incorporates paragraphs 1 through 20 as though set forth fully herein.

21. Plaintiffs claim 100% fee interest in the SUBJECT PROPERTY set forth above.

22. Per the Grant Deed, the Plaintiff owns the SUBJECT PROPERTY.

23. AVILA and the GARCIAS are claiming an interest in SUBJECT PROPERTY by virtue of a forged Deed of Trust allegedly signed by the Plaintiff on August 31, 2014, which was based on a forged Note.

24. The Plaintiff alleges that he never signed the Note nor did he sign the Deed of Trust granting AVILA or the GARCIAS an interest in the SUBJECT PROPERTY. Plaintiff seeks to quite title to the claim of the Defendants to the ownership of the SUBJECT PROPERTY or any interest claimed by the Defendants and each of them in SUBJECT PROPERTY.

25. Plaintiffs seek to quiet the title as of August 31, 2014, the date the forged Deed of Trust was recorded in order to show uninterrupted ownership.

## COUNT 3

## NEGLIGENCE OF NOTARY PUBLIC AND SURETIES

[against Defendant RADTKE]

26. Plaintiff incorporates the above paragraphs 1 through 25, as though set forth fully herein.

27. On information and belief, notary Public, ERMA R RADTKE, Notary No. 2017506, claimed to have notarized the signatures of the Plaintiff on the Deed of Trust attached as Exhibit 1 and incorporated into this complaint by reference.

28. RADTKE, as a notary public, had a duty to properly identify signatures pursuant to California Government Code §8202 (a) and Civil Code §1185.

29. On information and belief, RADTKE knowingly and or negligently notarized

COMPLAINT

the signature of individual who was not the Plaintiff. The proper identification procedures were not followed.

30. Plaintiff alleges that RADTKE breached her duty of care as a notary public when she notarized the signatures set forth on the Deed of Trust, Exhibit 1. The Plaintiff alleges that he did not personally sign the Deed of Trust notarized by RADTKE.

## COUNT 4

## DECLARATORY RELIEF

[against Defendants AVILA, the GARCIAS and WT CAPITAL]

31. Plaintiff incorporates the above paragraphs 1 through 30, as though fully set forth herein.

32. Plaintiff is a tenant in common on the SUBJECT PROPERTY owning an undivided one half interest in SUBJECT PROPERTY previously described above.

33. WT Capital is a California corporation authorized to engage in, and at all times mentioned in this complaint engaged in conduct foreclosure services. WT Capital is the current trustee of the Deed of Trust set forth in Exhibit 1 of the exhibits to this complaint.

34. On information and belief, AVILA and the GARCIAS are now, and at all times here relevant to this complaint were the beneficiaries of the Deed of Trust described in Exhibit 1

35. On March 25, 2015, AVILA and the GARCIAS caused to be recorded a Deed of Trust against the SUBJECT PROPERTY.

36. The signature of the Plaintiff on the aforementioned Deed of Trust was forged. The Plaintiff asserts that he did not sign the document.

37. On July 10, 2015 WT Capital caused to be recorded a Notice of Default and of election to sell, alleging (a) that a breach of obligation secured by the deed of trust had occurred, consisting of the Plaintiff's alleged failure to pay the full amount of an installment which became due allegedly on November 1, 2014, and all subsequent installments, and that (b) that the Defendant, as beneficiaries, elected to sell and caused to be sold the property to satisfy that obligation. A true copy of the Notice of Default and election to sell is attached as

COMPLAINT

**Exhibit 3** and incorporated here by reference.

38. A breach of the obligation for which the Deed of Trust is security has not occurred because the Plaintiff never signed the Deed of Trust, as it was forged. An actual controversy now exists between the Plaintiff, and WT Capital, AVILA and the GARCIAS concerning their respective rights and duties pertaining to the SUBJECT PROPERTY.

39. The Plaintiff desires a judicial determination and declaration of the Plaintiff's and Defendants' respective rights and duties; specifically that the Deed of Trust is unenforceable because the Plaintiff never signed it. Such a declaration is appropriate at this time so that the Plaintiff may determine his rights and duties before the SUBJECT PROPERTY is sold at a foreclosure sale.

WHEREFORE Plaintiff prays for relief against the Defendants, and each of them as follows:

1. For judicial determination that the lien claimed by the Defendants, and each of them, is without merit and invalid;

2. For the Court to issue an order quieting the title in the name of the Plaintiff as to THE SUBJECT PROPERTY, and that the Defendants, and each of them, have no right, title, estate, lien, or interest in the SUBJECT PROPERTY that is adverse to Plaintiff;

3. For general damages according to proof against all Defendants;

4. For punitive damages according to proof against all Defendants;

5. For reasonable attorney's fees in bringing this adversary proceeding;

6. For such other and further relief as the Court may deem proper.

DATED: 1/19/16

Respectfully submitted,

Glen E. Gates
Attorney for Plaintiff
OSCAR GUTIERREZ

COMPLAINT