# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### CIVIL MINUTES

---

| **Case Title :** | Oscar Gutierrez | **Case No :** | **15–14228 – B – 13** |
| | | **Date :** | **01/28/2016** |
| | | **Time :** | **01:30** |

---

| **Matter :** | [21] – Motion for Relief from Automatic Stay Filed by Creditor Carlos Garcia (Fee Paid $176) (eFilingID: 5697015) (msam) |

---

| **Judge :** | Rene Lastreto II | **Courtroom Deputy :** | Jennifer Dauer |
| **Department :** | B | **Reporter :** | NOT RECORDED |

---

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

---

HEARING CONTINUED TO: 3/23/16 at 01:30 PM

The hearing was continued for the following reason(s):


This motion was designated as DC No. CAA−1. Based on the debtor's opposition, this matter was continued to March 23, 2016, at 1:30 p.m., to be heard in connection with the status conference on the related adversary proceeding, 16–01010. This matter was deemed to be a contested matter. Pursuant to Federal Rules of Bankruptcy Procedure 9014(c), the federal rules of discovery apply to contested matters. The parties shall immediately commence formal discovery, meet and confer, and set deposition dates if necessary. If the matter is not resolved by the continued hearing date the court intends to consolidate the motion in this case with the related motion, DC No. CAA−1 in case number 15−14225.

Under § 362(e)(2), and without rendering a final decision on the merits, the court finds that the 60 day period for automatic termination of the stay shall be continued to March 23, 2016, subject to further extension, for cause, including the following:
(a) Thus far uncontroverted evidence in opposition to the motion establishes a significant question as to the bona fides of debtor's signature on the note and deed of trust at issue;
(b) Thus far uncontroverted evidence in opposition to the motion establishes significant dispute as to the payors under the promissory note at issue;
(c) Movant's evidence of the promissory note includes ambiguous language as to the principal balance of the note;
(d) Debtor's schedule D does not include the deed of trust at issue (Doc. # 1);
(e) Debtor's schedules list movant as a creditor with a disputed and unliquidated unsecured claim of $133,000;
(f) Thus far, movant has presented no evidence of imminent danger to the real property at issue, i.e., waste, violations of the law, lack of insurance, impending tax sale, etc.; and
(g) Debtor has instituted an adversary proceeding (identified above) that raises issues fundamental to the resolution of this motion. Judicial economy will be served by consolidating the claims of the parties and avoiding conflicting or staggered rulings.

The court will prepare and enter a civil minute order.