Michael H. Meyer, Esq. #82336
Chapter 13 Trustee
Deanna K. Hazelton #202821
Senior Staff Attorney
Sarah R. Velasco #255873
Staff Attorney
P.O. Box 28950
Fresno, CA  93729-8950
Tel (559) 275-9512
Fax (559) 275-9518

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA FRESNO

| | |
|---|---|
| In re:<br><br>Oscar Gutierrez<br><br><br><br>**DEBTOR** | Case No.:   15-14228-B-13F<br><br>Chapter 13<br><br>DC NO:     MHM-2<br><br>☒ **CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>☒ **REQUEST FOR BAR DATE**<br><br>DATE:    March 10, 2016<br>TIME:    1:30 PM<br>PLACE:   U.S. Courthouse<br>         Dept. B, Courtroom 13<br>         5th Floor<br>         2500 Tulare Street<br>         Fresno, Ca 93721<br><br>JUDGE:  Honorable Rene Lastreto II |

| **PLAN OBJECTION INFORMATION** |
|---|
| Trustee  Objects To: Chapter 13 Plan<br>Dated: 10/30/15<br>Filed: 10/30/15<br>Docket #: 10 |

| **CASE INFORMATION** | |
|---|---|
| Petition Filed: 10/30/2015 | (Pre Confirmation) 341 Concluded: 2/9/2016 |
| Confirmation Deadline: | (Post Confirmation) Last Confirmed Plan: |

1

## I. OBJECTION

**MICHAEL H. MEYER**, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan filed on October 30, 2015 on the following grounds:

### (A) CHAPTER 13 PLAN 11 U.S.C. §1322, 1324, 1325 and 1326

☒ **(1)** The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C. §1322(a)]

**Facts:** The plan payments are short each month $1.55. Therefore, either the plan payment must be increased or if the attorney so chooses he can reduce his fees by said amount in that this is an attorney error in calculation.

☒ **(2)** The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under §507 of this title. [11 U.S.C. §1322(a)]

**Facts:**
    Debtor has filed tax returns as married for the last four years. Debtor has filed declarations in support of his case indicating that Debtor is not in fact married. The Trustee has requested that he amend his tax returns for the last four years and to provide said returns to the Trustee.
    The Trustee continued the meeting of the creditors three times to get 2011-2014 tax returns. However, the Trustee has received only two of the four tax returns so far. Debtor owes $1,328.00 to the IRS for 2013. The Trustee does not have 2011-2012 yet, however, the plan does not provide for the payment of the 2013 taxes and possibly taxes that he may owe for 2011-2012.

☐ **(3)** The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C. §1322(a)]

**Facts:**

☒ **(4)** The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C. §1322(b)(1)]

**Facts:**
    Debtor has entered into an oral agreement with an individual, named Adoney Diaz regarding the purchase of a vehicle. The agreement is not in the plan. See Section 3. Executory Contracts and Expired Leases.
    The Debtor initially characterized this debt as a secured debt (why, is not certain) and listed it as a Class 4 claim to be paid direct, outside the plan. However, when examined at the meeting of the creditors, Debtor testified that Mr. Diaz entered into a contract with a lender and is paying the lender who holds a security interest in the vehicle. The Debtor however is buying the car from Mr. Diaz. Therefore, this is not properly characterized as an unsecured executory contract. Mr. Diaz will turn over title when the lender has been paid in full.
    The Debtor would like to pay for the unsecured vehicle in full outside the plan. However, this is preferential treatment of an unsecured debt in that the other unsecured creditors are being paid 0%. Debtor, therefore, needs to provide evidence as to why this discrimination is not unfair.

☐ **(5)** The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor(s') principal residence. [11 U.S.C. §1322(b)(2)]

**Facts:**

☒ **(6)** The plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is at least the amount that would be paid on such claim if the estate of the Debtor(s) was liquidated under a Chapter 7 of this title on such date. [11 U.S.C. §1325(a)(4)]

**Facts:**
    Debtor has filed tax returns as married for the last four year.  Debtor has filed declarations in support of his case indicating that Debtor is not in fact married.  The Trustee has requested that he amend his tax returns for the last four years and to provide said returns to the Trustee.
    The Trustee continued the meeting of the creditors three times to get 2011-2014 tax returns.  However, the Trustee has received only two of the four tax returns so far.  Debtor is entitled to a refund in the amount of $1371 from the IRS for the year 2014.  The Trustee does not have 2011-2012 yet, however, the Debtor may have further refunds.  Without said returns the Trustee cannot determine if this case meets liquidation.

☒ **(7)** The Debtor(s) will not be able to make all payments under the plan and comply with the plan. [11 U.S.C. §1325(a)(6)]

**Facts:**
    Debtor has filed tax returns as married for the last four year.  Debtor has filed declarations in support of his case indicating that Debtor is not in fact married.  The Trustee has requested that he amend his tax returns for the last four years and to provide said returns to the Trustee.
    Currently the plan is not feasible based on the 2013 taxes that are owed.  However, at this point, without all the tax returns the Trustee cannot determine the feasibility of this plan.

☐ **(8)** The Debtor(s) have not paid all domestic support obligations as required by 11 U.S.C. §1325(a)(8).

**Facts:**

☐ **(9)** The Debtor(s) have not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9).

**Facts:**

☐ **(10)** The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C. §1325(a)(5)(B)(iii)(I)]

**Facts:**

☐ **(11)** The plan has not been proposed in good faith [11 U.S.C. §1325(a)(3)] and/or the action of the Debtor(s) in filing the petition was in bad faith. [11 U.S.C. §1325(a)(7)]

| |
|---|
| **Facts:** |
| ☐ **(12)** The plan provides for payments to creditors for a period longer than 5 years. [11 U.S.C. §1322(d)] |
| **Facts:** |
| ☐ **(13)** With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C. §1325(a)(5)(B)(ii)] |
| **Facts:** |
| ☒ **(14)** The hearing on plan confirmation was not held within 45 days of the meeting of the creditors as required by 11 USC §1324(b) and/or a plan has not yet been confirmed. The Trustee requests a bar date to avoid unreasonable delay to payment of creditors. |
| **Facts:**　　The first meeting of the creditors was December 8, 2015. Prior to that meeting the Senior staff attorney requested by email that the Debtor amend their tax returns, in that Debtor was not married.　　At the meeting, the Trustee requested copies of the amended tax returns for the 4 years prior to filing to make sure that all required tax returns under 1308 were properly amended. Additionally, at that meeting, the Trustee requested a declaration regarding the need for the vehicle being bought from Mr. Diaz. The Trustee also mentioned the extra $411.00 on schedule J, wherein the staff attorney was advised by Debtor's counsel that he would be amending schedule J. The staff attorney for the Trustee also requested that the Attorney file an amended Attorney Disclosure Statement.　　These requests had not been met in time for the continued meeting of the creditors on January 12, 2016. Therefore the meeting was continued to February 9, 2016. The requests were still not met. Therefore, the Staff Attorney determined a continued meeting would reap no further benefit and concluded said meeting to file this objection.　　The Trustee requests, given the unexplainable delay, that the court order a plan be confirmed by a date certain in order to avoid unreasonable delay. |
| ☐ **(15)** Other: |
| **Facts:** |
| **(B) 11 U.S.C. §1325(b)(1)(B) DISPOSABLE INCOME** |
| ☒ **(16)** The plan does not provide for all of Debtor(s') projected disposable income to be applied to unsecured creditors under the plan. |
| **Facts:**　　Debtor must provide all disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan, and it must be applied on such date toward payments to unsecured creditors. 11 USC §1325(b)(1)(B). |

> Debtor is a below median debtor, as such, his applicable commitment period is 36 months and his reasonably necessary expenses are determined under 1325(b)(2) and not under 707(b)(2)(A) and (B). This means the court determines what is reasonably necessary to be expended on Debtor and his dependents.
>
> The Debtor filed a schedule J, on October 30, 2015; the statements made in the schedules are made under penalty of perjury. On said J, debtor lists $411.00 on Vehicle 2. At the meeting of the creditors the Debtor stated that Debtor did not pay for Vehicle 2, but that this additional vehicle listed was a debt he co-signed with his father and one that his father paid directly.
>
> Therefore, this amount is not reasonably necessary for the support of Debtor or his dependents. Moreover, it is not an expense the Debtor pays at all.
>
> Therefore, this expense must be removed. When said expense is removed, Debtors' current monthly income of $2,946.00, plus Ms. Camacho's contribution of $446.00, less the remaining expenses of $2,601.00 on Schedule J, less amounts payable to Consumer Portfolio through the plan at $83.80 a month ($2,838.00 amortized over 36 months with 4% interest), less monthly tax obligations of $279.42, less attorney fees of $225.00 a month and Trustee compensation of $35.48, totals $167.30 in projected disposable income to be paid each month commencing in month 1 to unsecured creditors. Over 36 months this is a total of $6,022.80 or 4.19% to unsecured creditors.

| (C) LOCAL RULES |
|---|
| ☐ **(17)** The motion is unsupported by a declaration addressing each element of section 1325(a) [Local Rule 9014-1(d)(6)] |
| **Facts:** |
| ☐ **(18)** Debtor(s) failed to file, serve and set a motion to value collateral. [Local Rule 3015-1(j)] |
| **Facts:** |
| ☐ **(19)** Debtor(s) failed to utilize Form EDC 3-080 (effective 5/1/12), the standard form Chapter 13 Plan. [Local Rule 3015-1(a)] |
| **Facts:** |
| ☐ **(20)** Debtor(s) have not shown compliance with 11 United States Code §1325(a)(1) as to the Additional Provisions portion of the plan. When the Debtor(s) use the Additional Provisions of the Chapter 13 plan to craft their debtor-creditor relationship to a particular creditor, the Debtor(s) must make an evidentiary showing and file a supporting brief that identifies each such customization and demonstrates compliance with applicable portions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. |
| **Facts:** |
| ☐ **(21)** The plan provides for the payment of fees in excess of the fixed compensation allowed in Local Bankruptcy Rule 2016-1(c). |
| **Facts:** |

☒ **(22) Other: Failure to properly fill out the Attorney Compensation form, therefore Trustee cannot determine whether the amount requested is correct.**

**Facts:**
    The attorney disclosure statement indicates that the attorney will not be seeking any further fees. However, the plan indicates that the Attorney is seeking $8,100.00 more in fees. The two statements are inconsistent.

## OTHER DOCUMENTS FILED CONCURRENTLY HEREWITH

☐ Points and Authorities      ☒ Declaration
☐ Other:

## III. TRUSTEE'S RECOMMENDATION/ANALYSIS

| | |
|---|---|
| ☐ The current plan **can** be confirmed with the following changes in the Order Confirming Plan: | ☒ The current plan is not confirmable and a modified plan will be required to be filed and set for hearing. |
| ☐ No confirmable plan can be filed based on the facts of this case. | ☐ A briefing schedule should be set and the parties should file a statement of disputed and undisputed facts. |
| ☒ Other: **The Trustee cannot recommend confirmation at this time because the Debtor has not provided necessary tax returns, amended certain schedules, and provided declarations regarding the fair discrimination of certain unsecured debt.** | ☒ Other: **An amended plan is necessary if the Debtor wished to accept the executory contract listed in Amended Schedule G, Doc # 34. In that once a plan is confirmed an unaccepted executory contract is deemed rejected. See 11 USC §365(d)(2).** |

**WHEREFORE**, the Trustee requests:

☐ That the Trustee's objection to confirmation of the plan be sustained.

☒ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☒ Such other and further relief as the Court deems proper.

DATE: 2-16-16

    Respectfully Submitted,
    /s/ Deanna K. Hazelton
    Deanna K. Hazelton, Senior Staff Attorney for
    Michael H. Meyer, Chapter 13 Trustee