GLEN E. GATES  #85885
**PASCUZZI, PASCUZZI & STOKER**
**A Professional Corporation**
2377 West Shaw Avenue, Suite 101
Fresno, California  93711
Telephone:   (559) 227-1100
Facsimile:    (559) 227-1290
E-mail:         ggates@pascuzzi.net

Attorneys for: Debtor Oscar Gutierrez

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

*****

| | |
|---|---|
| In the Matter of<br><br>Oscar Gutierrez<br><br>                    Debtor, | Case No. 2015-14228-B-13<br><br>DC No.: MHM-2<br><br>Chapter 13<br><br>DEBTOR'S RESPONSE TO THE CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION<br><br>DATE:   March 10, 2016<br>TIME:   1:30 p.m.<br>PLACE: U.S. Courthouse<br>            5th Floor, Dept. B, Courtroom 13<br>            2500 Tulare Street<br>            Fresno, CA 93721<br><br>JUDGE:  Hon. Rene Lastreto II |

COMES NOW, Debtor Oscar Gutierrez, by and through his counsel, Glen E. Gates, submits the following response to the Chapter 13 Trustee's specific objections to confirmation of the Chapter 13 Plan:

1. The trustee asserts the plan fails to provide for submission of all future earnings. The argument is that the plan is about $1.55 short. The plan can be increased to take care of this deficit.

2. The trustee argues the plan fails to provide for full payment in deferred cash payments of all claims entitled to priority under 507.

-1-

PASCUZZI, PASCUZZI & STOKER
2377 West Shaw Avenue, Suite 101
Fresno, California 93711

3. The trustee has based her allegations on the fact that the tax returns for 2011 and 2012 were not submitted. The debtor has amended the 2011 and 2012 tax returns as an individual. These tax returns were previously listed or showing as married. The amended tax returns for 2011 through 2014 have been submitted to the trustee.

4. Based on the returns, from 2011 through 2014 there are balances due to the IRS and Franchise Tax Board totaling $3,604. The plan should be modified to provide for such taxes over the life of the plan.

5. The trustee argues the executory contract for the purchase of the pickup from the debtor's employer is discriminatory without good reason. The debtor submitted his declaration to the trustee evidencing necessity of the vehicle and further that the debtor was unable to purchase a vehicle under his own name at an assessable/reasonable interest rate. All payments been made outside the plan. The debtor is not in default on his executory contract to the listed party, Adoney Diaz.

6. The trustee argues the plan fails to provide value as of the effective date of the plan of property to be distributed under the plan. The argument is that the debtor has filed tax returns and that there may be some type of refund en toto for all four taxes. As can be seen by the debtor's amended Schedules, there is a liability in excess of $3,600. There is no refund for purposes of calculation and for liquidation

7. The trustee argues the debtor will not be able to make all payments under the plan. This is not true. The debtor can pay the amount of taxes owed with the income. An amended Schedule J has been filed showing that the debtor can in fact make the payments.

8. A hearing on confirmation of the plan was not held within 45 days of the meeting of creditors and the plan has not been confirmed. The trustee is requesting a bar date to avoid a reasonable delay for payment to creditors.

9. The debtor has made every plan payment proposed. It is true there have been two continued 341 meetings. One purpose of the continuances was to obtain the amended tax returns for 2011 through 2014. Obtaining the tax returns as amended took more time than the debtor thought. The tax returns have been submitted.

10. Schedule J has been amended as per the trustee's objection.

11. The trustee wanted an attorney disclosure statement.

12. As indicated in the plan, the debtor is going to pay compensation in the sum of $300 per hour as per an application to be filed with the court and approved by the court.

13. The plan itself estimated the total legal fees to be paid at $8100. This was an estimate.

14. The basis for the estimate was that an adversary proceeding was going to be filed seeking to clear title to real property of the debtor and damages for fraud by other individuals. At some point, the attorney for the debtor will file a fee application for approval of the fees incurred.

15. The actual cost of the adversary proceeding, to be paid at $300 an hour, will be in excess of the amounts set forth in the plan simply because of the number of defendants, the complexity of the issues involved, and obtaining the necessary proof required to obtain a judgment on the adversary proceeding.

16. This is not an inexplicable delay as alleged by the trustee. The trustee was aware of all of the circumstances including the difficulty in the approving the adversary proceeding. Such proof has been obtained. There will be a trial in the matter at some point in the future.

17. The next objection is that the debtor does not provide all his projected income to unsecured creditors in the plan. The basis is simply a repetition of the prior arguments regarding the amended Schedule J, payment of $411 on vehicle two. It should be noted that the $411 has been stricken from Schedule J and Schedule J has been amended. The debtor was so "thin" on other areas of the plan including food and home expenses that the $411 was evaporated in the amended Schedule.

18. The trustee's estimate of payment under the plan of $167.30 is probably now low based on the new calculations of the $3,604 owing to the taxing entities. The amount for payment under the plan should be adjusted to take care of the taxes and trustee compensation.

PASCUZZI, PASCUZZI & STOKER
2377 West Shaw Avenue, Suite 101
Fresno, California 93711

19. Based on the receipt of the new documents including amended tax returns, amended Schedule J and the declarations regarding the alleged discrimination of payment of certain unsecured debt as well as the disclosure of attorney the amended 2016 Form, the trustee should confirm the plan.

20. It should also be noted that the executory contract will in fact be accepted in Schedule G and made part of the plan.

DATED: 3/1/16

Respectfully submitted,

Glen E. Gates