**4**
**TRUDI G. MANFREDO, Bar No. 166474**
THE LAW OFFICE OF TRUDI G. MANFREDO
377 W. Fallbrook Ave., Ste. 102
Fresno, California 93711
Telephone: (559) 242-5577
Facsimile: (559) 513-8148

Attorney for PETER L. FEAR
Chapter 7 Trustee

**GLEN E. GATES, Bar No. 85885**
GATES LAW GROUP
2445 Capital St., Ste. 160E
Fresno, California 93271
Telephone: (559) 432-9944
Facsimile: (559) 513-8148

Attorney for LETICIA CAMACHO
and OSCAR GUTIERREZ

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| In the Matter of<br><br>LETICIA CAMACHO,<br><br>　　　　　　Debtor. | ☐ **Case No. 15-14225-B-7**<br><br>　Chapter 7<br><br>　DC#: TGM-3<br><br>　Date:　December 5, 2017<br>　Time:　9:30 a.m.<br>　Dept.:　B, Courtroom 13,<br>　<u>Honorable René Lastreto, II</u> |
|---|---|
| In the Matter of<br><br>OSCAR GUTIERREZ,<br><br>　　　　　　Debtor. | ☒ **Case No. 15-14228-B-13**<br><br>　DC#: TGM-1<br><br>　Date:　December 6, 2017<br>　Time:　1:30 p.m.<br>　Dept.:　B, Courtroom 13<br>　<u>Honorable René Lastreto, II</u> |

**MOTION TO AUTHORIZE COMPROMISE BETWEEN OSCAR GUTIERREZ, DEBTOR OF BANKRUPTCY CASE NO. 15-14228-B-13, AND PETER L. FEAR, TRUSTEE OF THE BANKRUPTCY ESTATE OF LETICIA CAMACHO, CASE NO. 15-14225-B-7**

　　Peter L. Fear, Chapter 7 Trustee of the Bankruptcy Estate of

1

Leticia Camacho, and Oscar Gutierrez, Debtor of Bankruptcy Case No. 15-14228-B-13, by and through their counsels of record, bring this Motion to Compromise, and respectfully represent as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. Venue is proper under 28 U.S.C. §1408. The District Court has referred this matter to the Bankruptcy Court for hearing pursuant to 28 U.S.C. §157(a). This Motion is brought under Federal Rule of Bankruptcy Procedure 9019.

2. On October 30, 2015, LETICIA CAMACHO ("CAMACHO") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code (Case #15-14225-B-7).

3. Peter L. Fear ("Trustee Fear") is the duly appointed, qualified and acting Trustee for the Camacho Bankruptcy Estate.

4. On October 30, 2015, OSCAR GUTIERREZ ("GUTIERREZ") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code (Case No. 15-14228-B-13).

5. MICHAEL H. MEYER ("Trustee Meyer") is the duly appointed, qualified and acting Chapter 13 Trustee for the Gutierrez Bankruptcy Estate.

6. GUTIERREZ is CAMACHO's partner and father of their two children.

7. On August 11, 2016, CAMACHO filed Adversary Proceeding No. 16-01084, seeking to quiet title with regard to her residence located at 211 Center Street, Orange Cove, California which property is co-owned with GUTIERREZ.

8. On August 11, 2016, GUTIERREZ filed Adversary Proceeding No. 16-01085 seeking the same relief as CAMACHO in her Adversary Proceeding.

9. Settlement was reached in each adversary proceeding with one of the Defendants, Erma R. Radtke, a public notary. Ms. Radtke agreed to pay the bankruptcy estate $38,000.00 ("Settlement Sum"). This settlement was approved by the Bankruptcy Court in each adversary proceeding, although the Chapter 7 Trustee of the CAMACHO case was not a participant in the settlement or compromise.

10. This Settlement Sum is property of both bankruptcy estates.

11. Trustees Fear and GUITERREZ have reached a settlement as to how to divide the Settlement Sum between the two estates.

12. The terms of the settlement are that each estate will receive one half of the Settlement Sum or $19,000.00.

13. The settlement is set forth more fully in the Settlement Agreement filed concurrently herewith as **Exhibit 1** and incorporated herein by reference.

14. Federal Rule of Bankruptcy Procedure 9019 states in relevant part:

> (a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indentured trustees, as provided in Rule 2002 and to any other entity as the court may direct.

15. In determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, the court must consider the following:

   a. The probability of success in a litigation;

   b. the difficulties, if any, to be encountered in the matter of collection;

   c. the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it;

   d. the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986). See also, In re Woodson, 839 F.2d 610 1377 for the grounds for approving the compromise.

16. As set forth more fully in the Declarations of Peter L. Fear and Glen E. Gates filed concurrently herewith, this compromise is in the best interests of each estate and is fair and equitable to all parties and creditors.

17. This settlement is not effective unless approved by the Bankruptcy Court in both bankruptcy estates.

WHEREFORE, for the reasons set forth herein and in the Declarations of Trustees, Trustees pray as follows:

1. That the Court grant the Motion.

2. That this Court authorize the settlement under the terms and conditions set forth herein above and in the Settlement Agreement.

3. For such other and further relief as is just and proper.

Dated: 10-31-17        THE LAW OFFICE OF TRUDI G. MANFREDO

                       By /s/ Trudi G. Manfredo
                       Trudi G. Manfredo, Attorney for
                       Trustee Peter L. Fear

Dated: 10-31-17        GATES LAW GROUP, A PROFESSIONAL
                       CORPORATION

                       By /s/ GLEN E. GATES
                       Glen E. Gates, Attorney for Oscar
                       Gutierrez

4