**5**

**TRUDI G. MANFREDO, Bar No. 166474**
THE LAW OFFICE OF TRUDI G. MANFREDO
377 W. Fallbrook Ave., Ste. 102
Fresno, California 93711
Telephone: (559) 242-5577
Facsimile: (559) 513-8148

Attorney for PETER L. FEAR
Chapter 7 Trustee

**GLEN E. GATES, Bar No. 85885**
GATES LAW GROUP
2445 Capital St., Ste. 160E
Fresno, California 93271
Telephone: (559) 432-9944
Facsimile: (559) 513-8148

Attorney for LETICIA CAMACHO
and OSCAR GUTIERREZ

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| In the Matter of | ☐ **Case No. 15-14225-B-7** |
|---|---|
|  | Chapter 7 |
| LETICIA CAMACHO, | DC#: TGM-3 |
| Debtor. | Date: December 5, 2017<br>Time: 9:30 a.m.<br>Dept.: B, Courtroom 13,<br>Honorable René Lastreto, II |
| In the Matter of | ☒ **Case No. 15-14228-B-13** |
|  | DC#: TGM-1 |
| OSCAR GUTIERREZ, | Date: December 6, 2017<br>Time: 1:30 p.m.<br>Dept.: B, Courtroom 13<br>Honorable René Lastreto, II |
| Debtor. | |

**DECLARATION OF GLEN E. GATES IN SUPPORT OF MOTION TO AUTHORIZE COMPROMISE BETWEEN OSCAR GUTIERREZ, DEBTOR OF BANKRUPTCY CASE NO. 15-14228-B-13, AND PETER L. FEAR, TRUSTEE OF THE BANKRUPTCY ESTATE OF LETICIA CAMACHO, CASE NO. 15-14225-B-7**

I, Glen E. Gates, declare as follows:

1

1. I am an individual, over the age of 18, and could, if required to do so, competently testify to the facts stated herein based on my personal knowledge and a review of the documents filed in Case No. 15-14225-B-7 and the related case, No. 15-14228-B-13.

2. I am an attorney at law licensed before the State Bar of California and the Federal Bars of California and Colorado.

3. I represent both Debtors, Leticia Camacho and Oscar Gutierrez, in their respective bankruptcy cases.

4. I am personally familiar with the disputes and differences being resolved and the facts surrounding the disputes. I have read the Motion for Authority to Compromise a Controversy between Peter L. Fear, Chapter 7 Trustee of the Bankruptcy Estate of Leticia Camacho, and Oscar Gutierrez, Chapter 13 Debtor, and all of the facts stated therein are true and correct.

5. On October 30, 2015, LETICIA CAMACHO ("CAMACHO") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code (Case #15-14225-B-7).

6. On October 30, 2015, OSCAR GUTIERREZ ("GUTIERREZ") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code (Case No. 15-14228-B-13).

7. MICHAEL H. MEYER ("Trustee Meyer") is the duly appointed, qualified and acting Chapter 13 Trustee for the Gutierrez Bankruptcy Estate.

8. GUTIERREZ is CAMACHO's partner and father of their two children. (See Exhibit 2, page 2 lines 1-4)

9. On August 11, 2016, CAMACHO filed Adversary Proceeding No. 16-01084, seeking to quiet title with regard to her residence located at 211 Center Street, Orange Cove, California which property is co-

owned with GUTIERREZ. (See Exhibit 3)

10. On August 11, 2016, GUTIERREZ filed Adversary Proceeding No. 16-01085 seeking the same relief as CAMACHO in her Adversary Proceeding.

11. Settlement was reached in each adversary proceeding with one of the Defendants, Erma R. Radtke, a public notary. Ms. Radtke agreed to pay $38,000.00 ("Settlement Sum"). The Court approved settlement in each adversary case. Filed concurrently herewith and incorporated herein by reference as **Exhibit 1** and **Exhibit 2** are the Orders authorizing the compromise.

12. This Settlement Sum is property of both bankruptcy estates.

13. Peter L. Fear, Trustee of the Camacho case and Oscar Gutierrez have reached a settlement as to how to divide the Settlement Sum between the two estates. They have agreed to equally divide the Settlement Sum of $38,000.00 with each bankruptcy estate to receive $19,000.00.

14. Before entering into this Settlement, I did consider the impact on creditors in Mr. Gutierrez's bankruptcy estate.

15. In making a decision to settle with Trustee Fear, I evaluated each of the factors enumerated by the Ninth Circuit Court of Appeals in the case of A & C Properties, 784 F.2d 1377 (9th Cir. 1986).

16. It is uncertain as to who would prevail in litigation to determine the division of the proceeds between the estates, as the exact outcome of litigation is always somewhat uncertain and expensive. Any litigation pursued would have the net effect of reducing the amount that would be paid to creditors with allowed claims, or if this is a surplus estate, to reduce the amount going

back to Mr. Gutierrez and Ms. Camacho. Additionally, litigation is time consuming and would delay the prompt administration of my estate. This case is not very complicated, but the positions of each party as to the settlement proceeds would have to be determined and discovery would have to be propounded to obtain evidence with regard to each party's position. I anticipate the cost of litigation to be about $8,000.00.

17. The total claims filed in the Gutierrez case is $3,145.83. Filed concurrently herewith and incorporated herein by reference as **Exhibit 5** is a true and correct copy of the Claims Register in the Gutierrez case. 100% of the creditors will be paid, and each estate could be a surplus estate, if this matter isn't litigated.

18. The disputed claim of Carlos Garcia was resolved in the adversary proceedings.

19. Mr. Gutierrez and I have agreed that my attorneys fees in this case shall be provided by Debtor refinancing the residence. This was provided for in his Chapter 13 Plan.

20. In addition to this Settlement Sum, Debtor Gutierrez has been making $420.00 per month Plan Payments since December 1, 2015. This plan provides for a 100% distribution to creditors with allowed claims.

21. If I prevailed in the litigation, collection would not be an issue since the Settlement Sum is currently being held in trust by my former law firm.

22. This litigation is not complex; however the expense, inconvenience and delay necessarily attending it warrants approval of the compromise since creditors will be paid in full.

23. It is my opinion that the Gutierrez estate should not be

1 compelled to expend its resources and time in litigating this issue.

2     24.   As counsel for Mr. Gutierrez, I have evaluated the overall fairness and merits of the proposed settlement and I have discussed this with Mr. Gutierrez, and he and I agree that the proposed compromise is for and in the best interest of creditors of his estate and it is our recommendation that the compromise be approved.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on the 31st day of October, 2017, in Fresno, California.

/s/ GLEN E. GATES
Glen E. Gates