**5**
**TRUDI G. MANFREDO, Bar No. 166474**
THE LAW OFFICE OF TRUDI G. MANFREDO
377 W. Fallbrook Ave., Ste. 102
Fresno, California 93711
Telephone: (559) 242-5577
Facsimile: (559) 513-8148

Attorney for PETER L. FEAR
Chapter 7 Trustee

**GLEN E. GATES, Bar No. 85885**
GATES LAW GROUP
2445 Capital St., Ste. 160E
Fresno, California 93271
Telephone: (559) 432-9944
Facsimile: (559) 513-8148

Attorney for LETICIA CAMACHO
and OSCAR GUTIERREZ

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| In the Matter of | ☐ **Case No. 15-14225-B-7** |
|---|---|
| LETICIA CAMACHO, | Chapter 7 |
| | DC#: TGM-3 |
| Debtor. | Date: December 5, 2017<br>Time: 9:30 a.m.<br>Dept.: B, Courtroom 13,<br>Honorable René Lastreto, II |
| In the Matter of | ☒ **Case No. 15-14228-B-13** |
| OSCAR GUTIERREZ, | DC#: TGM-1 |
| Debtor. | Date: December 6, 2017<br>Time: 1:30 p.m.<br>Dept.: B, Courtroom 13<br>Honorable René Lastreto, II |

**DECLARATION OF PETER L. FEAR IN SUPPORT OF MOTION TO AUTHORIZE COMPROMISE BETWEEN OSCAR GUTIERREZ, DEBTOR OF BANKRUPTCY CASE NO. 15-14228-B-13, AND PETER L. FEAR, TRUSTEE OF THE BANKRUPTCY ESTATE OF LETICIA CAMACHO, CASE NO. 15-14225-B-7**

I, Peter L. Fear, declare as follows:

1

1. I am an individual, over the age of 18, and could, if required to do so, competently testify to the facts stated herein based on my personal knowledge and a review of the documents filed in this case and the related case, No. 15-14228-B-13.

2. I am the trustee of the bankruptcy estate of LETICIA CAMACHO.

3. I am personally familiar with the disputes and differences being resolved and the facts surrounding the disputes.

4. Filed concurrently herewith and incorporated herein by reference as **Exhibit 1** is the Settlement Agreement.

5. I respectfully request that this Court take judicial notice of all documents filed in the case of Oscar Gutierrez, Case No. 15-14228, and the related Adversary Proceeding No. 16-01085 and the Camacho bankruptcy case, No. 15-14225, and the related Adversary Proceeding No. 16-01084.

6. On October 30, 2015, LETICIA CAMACHO ("CAMACHO") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code (Case #15-14225-B-7).

7. On October 30, 2015, OSCAR GUTIERREZ ("GUTIERREZ") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code (Case No. 15-14228-B-13).

8. MICHAEL H. MEYER ("Trustee Meyer") is the duly appointed, qualified and acting Chapter 13 Trustee for the Gutierrez Bankruptcy Estate.

9. GUTIERREZ is CAMACHO's partner and father of their two children. Filed concurrently herewith and incorporated herein by reference as **Exhibit 2** is a true and correct copy of the Declaration of Leticia Camacho in Support of Motion for Entry of Default

Judgment, Doc. No. 31 in Adversary Proceeding No. 16-01084, page 2, lines 1-4.

10. On August 11, 2016, CAMACHO filed Adversary Proceeding No. 16-01804, seeking to quiet title with regard to her residence located at 211 Center Street, Orange Cove, California which property is co-owned with GUTIERREZ. Filed concurrently herewith and incorporated herein by reference as **Exhibit 3** is a true and correct copy of the grant deed reflecting the joint ownership of the real property.

11. On August 11, 2016, GUTIERREZ filed Adversary Proceeding No. 16-01085 seeking the same relief as CAMACHO in her Adversary Proceeding.

12. Settlement was reached in each adversary proceeding with one of the Defendants, Erma R. Radtke, a public notary. Ms. Radtke agreed to pay the bankruptcy estate $38,000.00 ("Settlement Sum"). This settlement was approved in each adversary proceeding, although I was not a participant in the settlement or compromises. Filed concurrently herewith and incorporated herein by reference as **Exhibit 4** is a true and correct copy of the Court's Order authorizing the settlement in the Camacho case.

13. This Settlement Sum is property of both bankruptcy estates.

14. GUITERREZ and I have reached a settlement as to how to divide the Settlement Sum between the two estates. We have agreed to equally divide the Settlement Sum of $38,000.00 with each bankruptcy estate to receive $19,000.00.

15. Before entering into this Settlement, I did consider the impact on creditors of my estate.

16. In making a decision to settle with Oscar Gutierrez, I evaluated each of the factors enumerated by the Ninth Circuit Court

of Appeals in the case of <u>A & C Properties</u>, 784 F.2d 1377 (9th Cir. 1986).

17. It is uncertain as to who would prevail in litigation to determine the division of the proceeds between the estates, as the exact outcome of litigation is always somewhat uncertain and expensive. Any litigation pursued would have the net effect of reducing the amount that would be paid to creditors with allowed claims, or if this is a surplus estate, to reduce the amount going back to CAMACHO and GUTIERREZ. Additionally, litigation is time consuming and would delay the prompt administration of my estate. This case is not very complicated, but the positions of each party as to the settlement proceeds would have to be determined and discovery would have to be propounded to obtain evidence with regard to each party's position. I anticipate the cost of litigation to be about $8,000.00.

18. The total claims filed in my case is $456.75. Filed concurrently herewith and incorporated herein by reference as **Exhibit 5** is a true and correct copy of the Claims Register in this case. Scheduled claims, if the disputed claim of Carlos Garcia is subtracted, total $139,228.00 (-) $133,000.00 = $6,228.00. The disputed claim of Carlos Garcia was resolved in the adversary proceedings. 100% of the creditors with allowed claims will be paid, and this could be a surplus estate, if this matter isn't litigated.

19. This is the only asset in my estate. I don't believe further delay in my case's administration and the increased litigation costs is warranted, especially since it appears with this settlement that creditors will be paid in full.

20. If I prevailed in the litigation, collection would not be an issue since the Settlement Sum is currently being held in the trust account of Attorney Glen Gates' former law firm.

21. This litigation is not complex; however the expense, inconvenience and delay necessarily attending it warrants approval of the compromise since creditors will be paid in full.

22. It is my opinion that my estate should not be compelled to expend its resources and time in litigating this issue.

23. As Trustee, I have evaluated the overall fairness and merits of the proposed settlement and I believe that the proposed compromise is for and in the best interest of creditors of my estate and it is my recommendation that the compromise be approved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on November 1st, 2017, in Fresno, California.

/s/ PETER L. FEAR
Peter L. Fear

5