**17**

TRUDI G. MANFREDO, Bar No. 166474
THE LAW OFFICE OF TRUDI G. MANFREDO
377 W. Fallbrook Ave., Ste. 102
Fresno, California 93711
Telephone: (559) 242-5577
Facsimile: (559) 513-8148

Attorney for PETER L. FEAR
Chapter 7 Trustee

**GLEN E. GATES, Bar No. 85885**
GATES LAW GROUP
2445 Capital St., Ste. 160E
Fresno, California 93271
Telephone: (559) 432-9944
Facsimile: (559) 513-8148

Attorney for LETICIA CAMACHO
and OSCAR GUTIERREZ

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| In the Matter of | ☐ Case No. 15-14225-B-7 |
|---|---|
| LETICIA CAMACHO, | Chapter 7 |
| | DC#: TGM-3 |
| Debtor. | Date: December 5, 2017<br>Time: 9:30 a.m.<br>Dept.: B, Courtroom 13,<br>Honorable René Lastreto, II |
| In the Matter of | ☒ **Case No. 15-14228-B-13** |
| OSCAR GUTIERREZ, | DC#: TGM-1 |
| Debtor. | Date: December 6, 2017<br>Time: 1:30 p.m.<br>Dept.: B, Courtroom 13<br>Honorable René Lastreto, II |

**EXHIBITS IN SUPPORT OF MOTION TO AUTHORIZE COMPROMISE BETWEEN OSCAR GUTIERREZ, DEBTOR OF BANKRUPTCY CASE NO. 15-14228-B-13, AND PETER L. FEAR, TRUSTEE OF THE BANKRUPTCY ESTATE OF LETICIA CAMACHO, CASE NO. 15-14225-B-7**

1

1. **Exhibit 1** is a true and correct copy of the Settlement Agreement. (Page 3)
2. **Exhibit 2** is a true and correct copy of the Declaration of Leticia Camacho in Support of Motion for Entry of Default Judgment, Doc. No. 31 in Adversary Proceeding No. 16-01084. (Page 6)
3. **Exhibit 3** is a true and correct copy of the grant deed reflecting the joint ownership of the real property. (Page 11)
4. **Exhibit 4** is a true and correct copy of the Court's Order granting the Motion to Compromise in the Camacho case. (Page 12)
5. **Exhibit 5** is a true and correct copy of Claims Register in the Camacho Bankruptcy, Case No. 15-14225-B-7. (Page 14)

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into by and between PETER L. FEAR, Chapter 7 Trustee ("Trustee Fear") of the Bankruptcy Estate of LETICIA CAMACHO, Bankruptcy Case No. 15-14225-B-7 and OSCAR GUTIERREZ, Chapter 13 Debtor, Bankruptcy Case No. 15-14228-B-13.

## RECITALS

A.　On October 30, 2015, LETICIA CAMACHO ("CAMACHO") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code (Case No. 15-14225-B-7).

B.　On October 30, 2015, OSCAR GUTIERREZ ("GUTIERREZ") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code (Case No. 15-14228-B-13).

C.　One of the assets both bankruptcy estates is a lawsuit settlement in the amount of $38,000.00 ("Settlement Sum").

D.　The issue being resolved by this settlement is the distribution of the Settlement Sum between the two bankruptcy estates.

## AGREEMENT

NOW, THEREFORE, in consideration of the premises and the mutual compromises and covenants contained herein, Trustee Fear and Gutierrez agree as follows:

1.　<u>Settlement</u>.
The Settlement Sum shall be equally divided between the two bankruptcy estates. This settlement is not effective unless approved by the Bankruptcy Court in <u>both</u> bankruptcy estates.

2.　<u>Release</u>.
Except as otherwise set forth herein, each party hereto forever releases, waives and relinquishes any and all claims, demands, actions, or causes of action against the other party hereto and his, her or its respective officers, agents, affiliates, successors and assigns. In connection with such waiver and relinquishment, each party hereto acknowledges that each party is aware that he, she or it may hereafter discover facts in addition to, or different from, those which that party now knows or believes to exist but that it is each party's intention hereby fully, finally and forever to settle and release all of the claims, disputes and differences, known or unknown, suspected or unsuspected, which now exist or may exist hereafter between the parties, except as otherwise expressly provided in this release.

1

Exhibit 1　Page 3 of 17

This release shall be, and shall remain in effect, as a full and complete release notwithstanding the discovery or existence of any such additional or different facts.

3. <u>Waiver of Civil Code Section 1542.</u>
Except as otherwise provided in this agreement, each party hereto acknowledges that they are familiar with and voluntarily waive any right or benefit arising from Section 1542 of the Civil Code of the State of California which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement."

4. <u>Warranty</u>.
Each party warrants and represents to the other that they are the sole lawful owner of all right, title and interest in and to all of the claims released hereby and that they have not heretofore voluntarily or involuntarily by operation of law or otherwise, assigned or transferred or purported to assign or transfer to any person any such claim or any portion thereof.

5. <u>Defense</u>.
Each party agrees not to sue the other or in any way assist any other person or entity in suing the other with respect to any claim released herein. This release may be pled as a full and complete defense to, and may be used as the basis for, an injunction against any action, suit or other proceeding that may be instituted, prosecuted, or attempted in breach of release contained herein.

6. <u>No Admission</u>.
Nothing contained herein shall be construed as an admission by any one of any liability of any kind.

7. <u>Authority</u>.
Each party hereto acknowledges that they have authority to enter into this agreement.

8. <u>Parties Bound</u>.
The parties agree that this settlement and release shall be binding upon their respective successors, heirs, representatives and assigns and shall inure to the benefit of the parties, their agents, successors, heirs, employees, representatives, attorneys, partners and personal representatives, past or present of the Parties.

9. <u>Counterpart</u>.
This Agreement may be signed in counterpart.

10. <u>Jurisdiction</u>.
In the event of any disputes over the interpretation, consummation or enforcement of any provision of this Agreement, jurisdiction to determine such dispute shall be
solely in the U.S. Bankruptcy Court presiding over the pending case so long as said Court otherwise has jurisdiction.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

Dated: 11-1-17           /s/ PETER L. FEAR
                         Peter L. Fear, Chapter 7 Trustee
                         of the Camacho Bankruptcy Estate
                         Case No. 15-14225

Dated: 10-31-17
                         /s/ OSCAR GUTIERREZ
                         Oscar Gutierrez, Chapter 13 Debtor
                         Bankruptcy Case No. 15-14228

Dated: 10-31-17          GATES LAW GROUP, A PROFESSIONAL
                         CORPORATION


                         /s/ GLEN E. GATES
                         Glen E. Gates, Attorney for Oscar
                         Gutierrez

Dated: 11-2-17           LAW OFFICE OF TRUDI G. MANFREDO


                         /s/ TRUDI G. MANFREDO
                         Trudi G. Manfredo, Attorney for
                         Trustee

GLEN E. GATES #85885
**GATES LAW GROUP**
A Professional Corporation
2445 Capitol Street, Suite 160E
Fresno, California 93721
Telephone: (559) 432-9944
Facsimile: (866) 740-6678
E-mail: glen@gateslawgroup.com

Attorneys for: Debtor Leticia Camacho

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
*****

| | |
|---|---|
| IN RE:<br>LETICIA CAMACHO,<br>          Debtor.<br><br>LETICIA CAMACHO,<br>          Plaintiff.<br>vs.<br>CARLOS GARCIA, an individual, KAYLA GARCIA, a minor, DAYSE AVILA, an individual; ERMA R. RADTKE, an individual, WT CAPITAL LENDER SERVICES, a California corporation,<br>          Defendants. | Case No. 2015-14225-B-7<br><br>Adversary Proceeding No. 16-01084<br><br>GEG-2<br><br>**DECLARATION OF LETICIA CAMACHO IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>DATE: January 11, 2017<br>TIME: 1:30 P.M.<br>PLACE: U.S. Courthouse<br>          5th Floor, Dept. B, Courtroom 13<br>         2500 Tulare Street<br>         Fresno, CA 93721<br><br>JUDGE: HON. Rene Lastreto II |

I, Leticia Camacho, declare:

1. I am a Plaintiff in the above-noted matter.

2. The facts set forth within this declaration are within my personal knowledge and if called to testify I could testify competently thereto.

3. I am not fluent in English. I do not speak the language nor do I write the English language with any degree of competency. As a result, I am dependent on my daughter Jovana Gutierrez. Jovana Gutierrez is fluent in English and Spanish. She has read this declaration to me and I agree with the content herein.

-1-

4. Oscar Gutierrez, co-Plaintiff is the father of our children. While we are not legally married, we have lived together for over 20 years and have 3 children. All references to my "husband" in this declaration are referred to Oscar Gutierrez whom I regard as my husband.

5. I am the Debtor in a Chapter 7 case number 2015–14225–B–7. My Husband Oscar Gutierrez is the debtor in case number 2015–14228– B-13. We are in separate proceedings because we are not legally married.

6. This adversary proceeding number 2016–01084 was filed with this court on August 11, 2016. The adversary proceeding seeks to determine the nature and extent and validity of any liens of Carlos Garcia, Kayla Garcia a minor and Dayse Avila arising out of a note dated August 31, 2014 and a deed of trust of that same date. The action seeks to quiet title as to the aforementioned note and deed of trust.

7. My husband and I purchased real property located at 211 Center Street, Orange Cove, California, 93646. This is our home and our residence. The legal description as set forth in the exhibits to this declaration included in the grant deed evidencing our ownership in the subject real property **(Exhibit 1).**

8. The property was purchased from Yolanda Villegas Garcia on May 29, 2012 for a purchase price of $122,000. A copy of the note made payable to Yolanda Garcia and signed by my husband and I is set forth in **Exhibit 2.**

9. While the note references security by deed of trust, no such deed of trust in original form, to my knowledge, is present nor has such a document ever been recorded. I am unaware of the existence of the original deed of trust.

10. Subsequent to signing the note of May 29, 2012, my husband and I made payments in the sum of $734 a month to Yolanda Garcia. At some point into the latter 2012 or 2013 Yolanda Villegas Garcia died. Subsequent to her death my husband and I made the note payments directly to Defendant Carlos Garcia. Carlos Garcia would come to our residence and pick up the payment on a monthly basis.

11. In 2014, Carlos Garcia did not come pick up payments. We were unclear as to why the payments were not being picked up.

12. In July 2015, my husband and I were notified that our house was going to be sold at a foreclosure sale due to lack of payments. Again, there was no communication with Carlos Garcia.

13. Upon receiving the information that our home was going to be sold at foreclosure sale for lack of payments, we immediately sought to somehow refinance the property and pay off the original note set forth as Exhibit 2. The lender conducting research on the title of the property informed us that there was a note secured by a deed of trust in favor of the defendants Dayse Avila, Carlos Garcia and minor Kayla Garcia dated August 31, 2014. A true and correct copy of the note dated August 31, 2014 is set forth as **Exhibit 3** to this declaration. The deed of trust is set forth as **Exhibit 4** to this declaration.

14. Subsequent to being notified of the sale of our residence based on the note and deed of trust of August 31.2014, we immediately sought legal assistance from the law firm of Pascuzzi, Pascuzzi and Stoker, and Glen E. Gates. My husband and I then sought relief from the bankruptcy code. We each filed our separate proceedings as aforementioned.

15. With respect to the note dated August 31, 2014 (Exhibit 3) and the deed of trust of that same date (Exhibit 4), I did not sign either document. My husband did not sign either document. At no point did I appear in front of the notary Erma Radtke to sign any document at any time. At no time did my husband appear in front of Erma Radtke for purposes of having a document notarized.

16. My husband and I deny that we were ever in the presence of Carlos Garcia or any other person to sign the note and deed of trust dated August 31, 2014. At no time did my husband or I ever give Erma R. Radtke the notary my thumbprint for purposes of proving my identity to Erma R. Radtke.

17. I invite the court's attention to the signatures on Exhibit 2 which is the note to Yolanda Garcia and the signatures on Exhibits 3 and 4 which are purported to be our signatures in front of the notary. They are totally different to the naked eye.

-3-

DECLARATION OF LETICIA CAMACHO IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT
Exhibit 2 Page 8 of 17

18. I invite the court's attention to the declaration of handwriting expert Mr. James Tarver which is filed simultaneously with this motion for entry of judgment. The declaration of Mr. Tarver is self-explanatory in that he as an expert does not believe that the signatures attached to the note and deed of trust of August 31, 2014 are the signature of my husband and me.

19. I further invite the court's attention to the declaration of Ms. Erma R. Radtke, who has settled her case with plaintiffs. Her declaration sets forth the fact that she does not remember or know that my husband and I appeared in front of her for purposes of having our signatures notarized on the note and deed of trust dated August 31, 2014.

20. The foreclosure documents including a Notice of Default and Election to Sell Under Deed of Trust (**Exhibit 5**) and the Notice of Trustee Sale (**Exhibit 6**) are based on the fraudulent deeds of trust set forth in Exhibits 3 and 4 as referenced within each document.

21. Subsequent to filing the bankruptcy, the creditor Carlos Garcia sought to be relief from the stay provisions of 11 U.S.C. §362 and filed a motion for hearing on January 20, 2016. The motion was later dismissed.

22. Unbeknownst to my husband and me the deed of trust of the same date which was not signed by my husband and me, were actually recorded in the Fresno County Recorder's Office with a Notice of Trustee Sale been recorded on October 15, 2015.

23. I am requesting the court to enter a judgment on behalf of my husband and myself determining that the lien of August 31, 2014 set forth in the deed of trust be determined to be a fraudulent, forged document have no legal effect. Further, I am requesting that the note which is allegedly secured by the deed of trust be determined to be a forged, and fraudulent document and be given no force and effect. Further, I am requesting that the court make an order that the title to the subject real property set forth in Exhibit 1 to this declaration be quieted in the names of the plaintiff after judicially determining that the lien claimed by the defendants and each of them is without merit and invalid.

///

///

24. I am also requesting attorney's fees in the sum to be determined and awarded after a separate hearing for moving to bring this adversary proceeding and for such other and further relief as the court may deem appropriate

I declare under penalty of perjury that the foregoing is true and correct dated this _____ day of December, 2016 at Sanger, California.

_____
Leticia Camacho, Debtor/Plaintiff



RECORDING REQUESTED BY

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO

OSCAR GUTIERREZ
LETICIA CAMACHO
211 CENTER STREET
ORANGE COVE, CA 93646

Title Order No.
Escrow No.

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):
DOCUMENTARY TRANSFER TAX is $ 143.00     CITY TAX is 0
☒ computed on the full value of the property conveyed, or
☐ computed on full value less value of liens or encumbrances remaining at the time of sale,
☐ Realty not sold
☐ Unincorporated area    ☒ City of ORANGE COVE, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

YOLANDA VILLEGAS, A WIDOW AND CARLOS GARCIA JR., A SINGLE MAN, MOTHER AND SON, AS JOINT TENANTS

hereby GRANT(S) to

OSCAR GUTIERREZ, AN UNMARRIED MAN AND LETICIA CAMACHO, AN UNMARRIED WOMAN, AS JOINT TENNANTS

the following described real property in the city of ORANGE COVE, County of FRESNO, State of California:

THE SOUTH 75 FEET OF THE NORTH 150 FEET OF THE EAST 150 FEET IN BLOCK 18 OF THE TOWN OF ORANGE COVE, ACCORDING TO THE MAP THEREOF RECORDED IN BOOK 7, PAGES 93 THROUGH 95 INCLUSIVE OF PLATS, FRESNO COUNTY RECOREDS.

STATE OF California
COUNTY OF TULARE

On June 7, 2012 before me, Linda Torres Notary Public (here insert name and title of the officer), personally appeared Yolanda Garcia Villegas Garcia and Carlos Garcia Jr., who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Linda Torres_
SIGNATURE

SIGNATURE

A.P.N. 375-103-02

Dated: MAY 29, 2012

_Yoland Villegas Garcia_
YOLAND VILLEGAS GARCIA

_Carlos Garcia Jr_
CARLOS GARCIA JR

(Seal)

LINDA TORRES
Commission # 1958682
Notary Public - California
Tulare County
My Comm. Expires Oct 30, 2015

Mail Tax Statements as Directed Above

Exhibit 3 Page 11 of 17

GLEN E. GATES #85885
**GATES LAW GROUP**
A Professional Corporation
2445 Capitol Street, Suite 160E
Fresno, California 93721
Telephone: (559) 432-9944
Facsimile: (866) 740-6678
E-mail: glen@gateslawgroup.com

Attorneys for: Debtor Leticia Camacho

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

*****

| | |
|---|---|
| IN RE:<br>LETICIA CAMACHO,<br><br>                Debtor.<br><br>LETICIA CAMACHO,<br><br>                Plaintiff.<br>vs.<br>CARLOS GARCIA, an individual, KAYLA GARCIA, a minor, DAYSE AVILA, an individual; ERMA R. RADTKE, an individual, WT CAPITAL LENDER SERVICES, a California corporation,<br><br>                Defendants. | Case No. 2015-14225-B-7<br><br>DCN: GEG-4<br><br>Adversary Proceeding No. 16-01084<br><br>**ORDER ON MOTION TO COMPROMISE CONTROVERSY BETWEEN DEBTOR LETICIA CAMACHO AND DEFENDANT ERMA R. RADTKE** |

This matter was fully noticed in compliance with Local Rules of Practice and there was no opposition. Accordingly, the Respondents' defaults were entered. Federal Rule of Civil Procedure 55, made applicable by Federal Rule of Bankruptcy Procedure 7055, governs default matters and is applicable to contested matters under Federal Rule of Bankruptcy Procedure 9014(c). Upon default, factual allegations will be taken as true (except those related to the amount of damages). Televideo Systems Inc. v. Heidenthal (826 F. 2d 915,917 (9th Cir., 1987). Constitutional due process requires that a Plaintiff make a prima facie

-1-

RECEIVED
October 11, 2017
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006146211

N MOTION TO COMPROMISE CONTROVERSY BETWEEN DEBTOR LETICIA CAMACHO AND DEFENDANT
ERMA R. RADTKE


Exhibit 4 Page 12 of 17

Filed 11/03/17
Filed 10/12/17
Case 15-14228
Case 16-01084
Doc 134
Doc 64

1  showing that they are entitled to the relief sought, which the movant has done here, the
2  motion to compromise and the settlement agreement evidencing the Defendant Erma R.
3  Radtke to pay the sum of $38,000 is hereby approved.

Dated: Oct 12, 2017

By the Court

*René Lastreto II*
René Lastreto II, Judge
United States Bankruptcy Court

# Eastern District of California
# Claims Register

### 15-14225 Leticia Camacho

**Hon.:** Rene Lastreto, II    **Chapter:** 7
**Office:** Fresno    **Last Date to file claims:** 06/28/2017
**Trustee:** Peter L. Fear    **Last Date to file (Govt):**

| Creditor: (21641063) Kings Credit Services, Kings Credit Services Attn Bankruptcy, Po Box 950, Hanford CA 93232 | Claim No: 1<br>Original Filed Date: 04/20/2017<br>Original Entered Date: 04/20/2017 | Status:<br>Filed by: CR<br>Entered by: eDktPrid<br>Modified: |
|---|---|---|

Amount claimed: $248.91

History:
Details | 1-1 | 04/20/2017 | Claim #1 filed by Kings Credit Services, Amount claimed: $248.91 (eDktPrid)

Description:
Remarks: (1-1) Account Number (last 4 digits):7026

| Creditor: (21641063) Kings Credit Services, Kings Credit Services Attn Bankruptcy, Po Box 950, Hanford CA 93232 | Claim No: 2<br>Original Filed Date: 04/20/2017<br>Original Entered Date: 04/20/2017 | Status:<br>Filed by: CR<br>Entered by: eDktPrid<br>Modified: |
|---|---|---|

Amount claimed: $19.37

History:
Details | 2-1 | 04/20/2017 | Claim #2 filed by Kings Credit Services, Amount claimed: $19.37 (eDktPrid)

Description:
Remarks: (2-1) Account Number (last 4 digits):7026

| Creditor: (21641063) Kings Credit Services, Kings Credit Services Attn Bankruptcy, Po Box 950, Hanford CA 93232 | Claim No: 3<br>Original Filed Date: 04/20/2017<br>Original Entered Date: 04/20/2017 | Status:<br>Filed by: CR<br>Entered by: eDktPrid<br>Modified: |
|---|---|---|

Amount claimed: $20.00

History:
Details | 3-1 | 04/20/2017 | Claim #3 filed by Kings Credit Services, Amount claimed: $20.00 (eDktPrid)

Description:
Remarks: (3-1) Account Number (last 4 digits):7026

Exhibit 5 Page 14 of 17

| Creditor: (21641063)<br>Kings Credit Services<br>Kings Credit Services Attn Bankruptcy<br>Po Box 950<br>Hanford CA 93232 | **Claim No: 4**<br>Original Filed<br>Date: 04/20/2017<br>Original Entered<br>Date: 04/20/2017 | Status:<br>Filed by: CR<br>Entered by: eDktPrid<br>Modified: |
|---|---|---|

Amount claimed: $20.00

History:
| Details | 4-1 | 04/20/2017 | Claim #4 filed by Kings Credit Services, Amount claimed: $20.00 (eDktPrid) |

Description:
Remarks: (4-1) Account Number (last 4 digits):7026

| Creditor: (21641063)<br>Kings Credit Services<br>Kings Credit Services Attn Bankruptcy<br>Po Box 950<br>Hanford CA 93232 | **Claim No: 5**<br>Original Filed<br>Date: 04/20/2017<br>Original Entered<br>Date: 04/20/2017 | Status:<br>Filed by: CR<br>Entered by: eDktPrid<br>Modified: |
|---|---|---|

Amount claimed: $68.48

History:
| Details | 5-1 | 04/20/2017 | Claim #5 filed by Kings Credit Services, Amount claimed: $68.48 (eDktPrid) |

Description:
Remarks: (5-1) Account Number (last 4 digits):7026

| Creditor: (21641063)<br>Kings Credit Services<br>Kings Credit Services Attn Bankruptcy<br>Po Box 950<br>Hanford CA 93232 | **Claim No: 6**<br>Original Filed<br>Date: 04/20/2017<br>Original Entered<br>Date: 04/20/2017 | Status:<br>Filed by: CR<br>Entered by: eDktPrid<br>Modified: |
|---|---|---|

Amount claimed: $39.99

History:
| Details | 6-1 | 04/20/2017 | Claim #6 filed by Kings Credit Services, Amount claimed: $39.99 (eDktPrid) |

Description:
Remarks: (6-1) Account Number (last 4 digits):7026

| Creditor: (21641063)<br>Kings Credit Services<br>Kings Credit Services Attn Bankruptcy | **Claim No: 7**<br>Original Filed<br>Date: 04/20/2017<br>Original Entered | Status:<br>Filed by: CR<br>Entered by: eDktPrid<br>Modified: |
|---|---|---|

History:
| Details | 7-1 | 04/20/2017 | Claim #7 filed by Kings Credit Services, Amount claimed: $30.00 (eDktPrid) |

Description:
Remarks: (7-1) Account Number (last 4 digits):7026

Exhibit 5 Page 15 of 17

| Po Box 950 Hanford CA 93232 | Date: 04/20/2017 | | |
|---|---|---|---|
| Amount claimed: $30.00 | | | |
| History: | | | |
| Details | 7-1 | 04/20/2017 | Claim #7 filed by Kings Credit Services, Amount claimed: $30.00 (eDktPrid) |
| Description: | | | |
| Remarks: (7-1) Account Number (last 4 digits):7026 | | | |

| Creditor: (21641063) Kings Credit Services Kings Credit Services Attn Bankruptcy Po Box 950 Hanford CA 93232 | Claim No: 8 Original Filed Date: 04/20/2017 Original Entered Date: 04/20/2017 | Status: Filed by: CR Entered by: eDktPrid Modified: |
|---|---|---|
| Amount claimed: $10.00 | | |
| History: | | |
| Details  8-1  04/20/2017  Claim #8 filed by Kings Credit Services, Amount claimed: $10.00 (eDktPrid) | | |
| Description: | | |
| Remarks: (8-1) Account Number (last 4 digits):7026 | | |

## Claims Register Summary

**Case Name:** Leticia Camacho
**Case Number:** 15-14225
**Chapter:** 7
**Date Filed:** 10/30/2015
**Total Number Of Claims:** 8

| Total Amount Claimed* | $456.75 |
|---|---|
| Total Amount Allowed* | |

*Includes general unsecured claims

The values are reflective of the data entered. Always refer to claim documents for actual amounts.

| | Claimed | Allowed |
|---|---|---|
| Secured | | |
| Priority | | |
| Administrative | | |

### PACER Service Center
### Transaction Receipt

Exhibit 5 Page 16 of 17

| 08/29/2017 14:02:04 | | | |
|---|---|---|---|
| PACER Login: | manfredolaw:2726658:0 | Client Code: | Camancho |
| Description: | Claims Register | Search Criteria: | 15-14225 Filed or Entered From: 1/1/1900 Filed or Entered To: 8/29/2017 |
| Billable Pages: | 1 | Cost: | 0.10 |