**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Oscar Gutierrez     **Case No.:** 15-14228 - B - 13
                                    **Docket Control No.** TGM-1
                                    **Date:** 12/06/2017
                                    **Time:** 1:30 PM

**Matter:** [130] - Motion/Application to Compromise Controversy/Approve Settlement Agreement with Oscar Gutierrez [TGM-1] Filed by Trustee Peter L. Fear (kvas)

**Judge:** René Lastreto II
**Courtroom Deputy:** Debbie Chavez
**Reporter:** Not Recorded
**Department:** B

---

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

---

**CIVIL MINUTES**

Motion Granted, Resolved without Oral Argument

The Moving Party shall submit a proposed order in conformance with the ruling below.

The matter was fully noticed in compliance with the Local Rules of Practice and there was no opposition. Federal Rule of Civil Procedure 55, made applicable by Federal Rule of Bankruptcy Procedure 7055, governs default matters and is applicable to contested matters under Federal Rule of Bankruptcy Procedure 9014(c). Upon default, factual allegations will be taken as true (except those relating to amount of damages). *Televideo Systems, Inc. v. Heidenthal* (826 F.2d 915, 917 (9th Cir., 1987). Constitutional due process requires that a plaintiff make a *prima facie* showing that they are entitled to the relief sought, which the movant has done here. Accordingly, the respondents' defaults were entered.

It appears from the moving papers that the trustee has considered the standards of *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1987) and that the Debtor-in-Possession or Trustee has considered the factors in, *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986):

a.  whether the settlement was negotiated in good faith;
b.  whether the trustee or debtor-in-possession reasonably believes that the compromise is the best result that can be negotiated under the facts, and;
c.  whether the settlement is fair and equitable.

Accordingly, it appears that the compromise pursuant to FRBP 9019 is a reasonable exercise of the DIP=s business judgment. The order should be limited to the claims compromised as described in the motion.