GLEN E. GATES #85885
**GATES LAW GROUP**
A Professional Corporation
2445 Capitol Street, Suite 160E
Fresno, CA 93721
Telephone: (559) 432-9944
Facsimile: (866) 740-6678
Email: glen@gateslawgroup.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA FRESNO

| In re: | Case No.: 15-14228-B-13F |
|---|---|
| OSCAR GUTIERREZ | DC No: GEG-5 |
| | Chapter 13 |
| Debtor(s). | ☒ APPLICATION FOR PAYMENT OF FEES AND/OR EXPENSES PURSUANT TO 11 U.S.C. §331 OR §330 ☒ INTERIM ☐ FINAL |
| | DATE: January 11, 2018<br>TIME: 1:30 p.m.<br>PLACE: US Courthouse, 5th Floor<br>2500 Tulare Street<br>Fresno, CA 93721<br>JUDGE: Hon. René Lastreto II |

## 1. SUMMARY TABLE

In the fields below, indicate the total compensation and/or expenses requested in this application. Do not include amounts of compensation or expenses previously approved by the court. Prior approvals, including amounts, are set forth below in section 4.

| | |
|---|---|
| a. Name of Applicant | Gates Law Group, APC |
| b. Amount of Compensation Requested | $14,325.00 |
| c. Amount of Expenses Requested | $0.00 |
| d. Total Compensation and Expenses Requested this Application | $14,325.00 |
| e. Time Period of Current Application | October 17, 2015 – December 4, 2017 |
| f. Fees and Expenses to be paid by Trustee or Debtor Directly<br>*(Fee paid part by trustee and debtor explain in paragraph 9 (3).)* | ☒ Trustee ☐ Debtor(s)<br>☐ Part Trustee ☐ Part Debtor |
| g. Number Prior Fee Applications<br>1. Approved | No Prior Fee Applications |

1

Fee Application EDC Fresno (Version 2.0 8-9-2013)

## 2. ATTORNEY OPTION REGARDING COMPENSATION

*Pursuant to LBR 2016-1, counsel for the debtor(s) has previously opted to be paid in this Chapter 13 case as follows.*

| | |
|---|---|
| a. Elected to be paid in accordance with LBR 2016-1(c). | ☐ Yes (If yes, complete 1,2,3,4,5 and the declaration (#9) explaining the substantial and unanticipated post-confirmation work necessary) |
|    1. Business Case | ☐ Yes ☐ No |
|    2. Fees Charged | |
|    3. Rights and Responsibilities Executed and Filed | ☐ Yes ☐ No |
|    4. Pre-filing Attorney Fees Received | |
|    5. Fees in Plan | |
|    6. Fees Paid to Date by Trustee | |
|    7. Monthly Chapter 13 Administrative Payment | |
| b. Elected to have compensation determined in accordance with 11 U.S.C. §§329 and 330, Fed, R, Bankr. P. 2002, 2006, and 2017. | ☒ Yes |
|    1. Pre-filing Attorney Fees Paid | $0.00 |
|    2. Amount of Retainer Held in Trust | $0.00 |
|    3. Total Amount Reserved for Attorney Fees in Plan (See Plan Para. 2.06 or 5.01) | $7,100.00 |
|    4. Monthly Amount Provided in Plan for Administrative Fees | $200.00 |

## 3. CASE INFORMATION

| | | |
|---|---|---|
| a. Chapter13 Plan Confirmed ☒ Yes ☐ No | Date Confirmed | May 22, 2017 |
| b. Motion to Dismiss Pending ☐ Yes No ☒ | Date: | |
| c. All Motions to Value Collateral/Avoid Liens Filed and Heard | ☒ Yes No ☐ | |
| d. Motion to Modify Pending | ☐ Yes No ☒ | |
| e. Notice of Filed Claims Filed | ☒ Yes No ☐ | |
| f. All Objections to Claims Filed and Heard | ☒ Yes No ☐ | |

2

Fee Application EDC Fresno (Version 2.0 8-9-2013)

## 4. SUMMARY OF PREVIOUS FEES ALLOWED

| Date of Hearing | Fees Allowed | Costs Allowed |
|---|---|---|
| N/A | N/A | N/A |
| Total | | |

## 5. CATEGORY FEE SUMMARY
*(Only shows hours in category for current fee application, not prior time spent in categories)*

| Project | Hours | Total Fees Charged |
|---|---|---|
| 1. Pre-petition Consultation and Fact Gathering | 4.2 | $1,260.00 |
| 2. Preparation of Voluntary Petition, Schedules and Form 22C | 1.8 | $540.00 |
| 3. Independent Verification of Information | 3.0 | $900.00 |
| 4. Amendments to Petitions and/or Schedules | | |
| 5. Original Plan, Hearings, Objections | 1.1 | $330.00 |
| 6. 341 Preparation and Attendance | 7.9 | $2,370.00 |
| 7. 1st Amended or Modified Plan, Motions, Objections | 4.8 | $1,440.00 |
| 8. 2nd Amended or Modified Plan, Motions, Objections | 2.7 | $810.00 |
| 9. 3rd Amended or Modified Plan, Motions, Objections | | |
| 10. Claim Administration and Claim Objections | 2.9 | $870.00 |
| 11. Motions to Dismiss | | |
| 12. Relief From Stay Proceedings | 8.85 | $2,655.00 |
| 13. Motions: *Example, Motion to Value Property, Motion to Avoid Liens, Motion to Incur Debt, Motion to Sell Property, other Motions.* | 1.2 | $360.00 |
| 14. Fee Applications | 2.6 | $780.00 |
| 15. Discharge and Case Closing | | |
| 16. Case Administration | 6.7 | $2,010.00 |
| 17. Other | | |
| 18. Other | | |
| **Total Fees Charged** | **47.75** | **$14,325.00** |

## 6. EXPENSE SUMMARY

| Type Of Expense | Amount |
|---|---|
| a. Postage | NONE |
| b. Computer Legal Research | NONE |
| c. Reproduction | NONE |
| d. Filing Fees | ($310)-Client Paid Directly |
| e. Other | NONE |
| Total Expenses | $0.00 |

3

Fee Application EDC Fresno (Version 2.0 8-9-2013)

## 7. SUMMARY BY PROFESSIONAL

| Professional | Hourly Rate | Total Hours | Total Fees This Person |
|---|---|---|---|
| a. Glen E. Gates | $300.00 | 47.75 | $14,325.00 |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |

## 8. SUMMARY OF EXHIBITS

| | | |
|---|---|---|
| Exhibit A | Narrative Summary | |
| Exhibit B | Itemized Time Entry by Date | |
| Exhibit C | Itemized Time Entries by Project | |
| Exhibit D | Itemized Costs-N/A | |
| Exhibit E | Fee Agreement | If the fee agreement is not attached, indicate below the reason therefore. |
| | Facts: | |
| Exhibit F | Debtor(s) Consent ☐ Attached as an exhibit | ☐ Will be filed separately    ☐ Debtor(s) do not consent    ☒ Debtors consent indicated by their signature(s) below |

## 9. DECLARATIONS

**(1) Penalty of Perjury:**
Applicant declares under penalty of perjury under the laws of the United States of America that the foregoing Application and all attached supporting documentation are true and correct and accurately reflect the services rendered and expenses incurred.

**(2) Attorney Option:**
Applicant originally opted to receive fees pursuant to Local Bankruptcy Rule 2016-1 (c). (See 2. Above)

☐ Yes    ☒ No

If yes, the reason additional fees are requested is that the additional work required was substantial and unanticipated as set forth below:

a. Facts:

Fee Application EDC Fresno (Version 2.0 8-9-2013)

**(3) Chapter 13 Plan Feasibility:**
I have reviewed the Chapter 13 Trustee's data and the Chapter13 Plan. If the fees and expenses sought to be approved are to be paid through the Chapter 13 Plan, the plan is feasible and will complete timely. If the fees and expenses are to be paid by the debtor(s) directly, the following explains the source of the funds.

   a. Facts: Trustee shall pay the fees. Fees are available for distribution.

**(4) Unauthorized Payments:**
I have not accepted or demanded from the debtor or any other person any payment for services or costs reimbursement without first obtaining a court order authorizing the fees and/or costs and specifically permitting direct payment of those fees and/or costs by the debtor.

**(5) Non-alteration of Form:**
Other than to insert text into designated spaces and/or expand tables to provide facts, the preprinted text of this form has not been altered. In the event there is an alteration, it will be given no effect. The signature of the applicant below is a certification that the standard Fee Application has not been altered except numbering for project.

**(6) Sharing of Compensation:**

☐ I have not agreed to share the above-disclosed compensation with another person or persons unless they are members and associates of my law firm.

☒ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm. A copy of the agreement together with a list of the names of the people sharing in the compensation is attached.

a. Facts: It should be noted that the attorney for the Debtor, Gates Law Group, Glen E. Gates appearing was employed as an attorney for the law firm of Pascuzzi, Pascuzzi & Stoker from the inception of Debtor's case in 2015 through and including November 23, 2016. It is requested, to the extent your applicant was an employee of the firm, the fees earned on the Debtor's case are the rightful property of the firm. It is requested that the court orders the trustee to make the payment out to Pascuzzi, Pascuzzi & Stoker in the sum of $12,375.00 (92%) and the balance of the fees approximately $1,170.00 (8%) made payable to Gates Law Group, Glen E. Gates.

**(7) Debtor(s) Consent:**
I/we are the debtor(s) in the above-entitled bankruptcy proceeding. I/we have reviewed the Fee Application set forth above and have no objection thereto.

_Oscar Gutierrez_ /s/
Debtor

_12-11-17_
Date

_____
Debtor

_____
Date

5

Fee Application EDC Fresno (Version 2.0 8-9-2013)

**WHEREFORE**, the Applicant requests:

☒ That the Application for Fees and Costs be approved.

☒ Such other and further relief as the Court deems proper.

Date: 12/12/17

Respectfully Submitted,

Glen E. Gates
Attorney for Debtor(s)

6

Fee Application EDC Fresno (Version 2.0 8-9-2013)

GLEN E. GATES #85885
**GATES LAW GROUP**
A Professional Corporation
2445 Capitol Street, Suite 160E
Fresno, CA 93721
Telephone:   (559) 432-9944
Facsimile:   (866) 740-6678
Email:        glen@gateslawgroup.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA FRESNO

| In re: | Case No.: 15-14228-B-13F |
|---|---|
| | DC No: GEG-5 |
| OSCAR GUTIERREZ | Chapter 13 |
| Debtor(s). | EXHIBIT A: NARRATIVE FOR INTERIM APPLICATION FOR PAYMENT OF FEES AND EXPENSES PURSUANT TO 11 U.S.C. §331 |
| | DATE: January 11, 2018<br>TIME: 1:30 p.m.<br>PLACE: US Courthouse, 5th Floor<br>2500 Tulare Street<br>Fresno, CA 93721<br>JUDGE: Hon. René Lastreto II |

### 1. Pre-petition Consultation and Fact Gathering

Applicant consulted with the Debtor prior to the filing of the bankruptcy.

**Total Hours: 4.2**          **Total Fees: $1,260.00**

### 2. Preparation of Voluntary Petition, Schedules and Form 22C

Applicant prepared all necessary documents for the filing of this bankruptcy matter.

**Total Hours: 1.8**          **Total Fees: $540.00**

### 3. Independent Verification of Information

Applicant exercised due diligence in preparing and verifying the facts necessary to prepare the bankruptcy petition and other documents for the filing of the bankruptcy.

**Total Hours: 3.0**          **Total Fees: $900.00**

Exhibit A- Page 1

### 5. Original Plan, Hearings and Objections

Applicant prepared the original plan with the paperwork initiating the bankruptcy proceeding. Applicant also reviewed the Order Confirming Plan and communicated with the trustee regarding the order.

Applicant analyzed plan funding issues relative to claims filed and Debtor's tax returns, prepared plan calculations, and communicated with the trustee regarding plan funding issues and a stipulation to resolve those issues. This included extensive conservations with Debtor's CPA and review of tax returns.

**Total Hours: 1.1**      **Total Fees: $330.00**

### 6. 341 Preparation and Attendance

Applicant appeared with Debtor at both the original and continued 341 meeting of the creditors.

**Total Hours: 7.9**      **Total Fees: $2,370.00**

### 7. 1st Amended or Modified Plan, Motions Objections

Applicant prepared the Debtor's first modified plan.

**Total Hours: 4.8**      **Total Fees: $1,440.00**

### 8. 2nd Amended or Modified Plan, Motions Objections

Applicant prepared Debtor's second modified plan. The plan was for 100% payment to unsecured creditors.

**Total Hours: 2.7**      **Total Fees: $810.00**

### 10. Claim Administration and Claim Objections

Applicant communicated with the IRS and the Debtor regarding the IRS claim, analyzed tax returns prepared by the Debtor after the bankruptcy filing and how those issues impacted the plan payment, analyzed the Notice of Filed Claims, and communicated with the Debtor regarding the same.

**Total Hours: 2.9**      **Total Fees: $870.00**

### 12. Relief from Stay Proceedings

Applicant reviewed the Relief from Stay motion filed by Carlos Garcia and communicated with client regarding the same.

**Total Hours: 8.85**      **Total Fees: $2,655.00**

### 13. Motions: *Example, Motion to Value Property, Motion to Avoid Liens, Motion to Incur Debt, Motion to Sell Property, other Motions*

Applicant prepared Debtor's response to objections by trustee and prepared declarations.

**Total Hours: 1.2**      **Total Fees: $360.00**

### 14. Fee Application

Applicant prepared this instant application for fees and expenses.

**Total Hours: 2.6**     **Total Fees: $780.00**

### 16. Case Administration

Applicant dealt with the Chapter 13 trustee regarding numerous issues regarding taxes, tax returns, claims and payment of claims. Also, included was correspondence to the trustee as well as review of settlement agreement in the Chapter 13.

**Total Hours: 6.7**     **Total Fees: $2,010.00**

| Date | User | Task | External Narrative | Hours | Rate | Value |
|---|---|---|---|---|---|---|
| 10/17/2015 | GEG | 1 | Office conference with client; prep of schedules; review documents. | 3.00 | 300.00 | $900.00 |
| 10/21/2015 | GEG | 1 | Office conference with clients re schedules. | 1.20 | 300.00 | $360.00 |
| 10/24/2015 | GEG | 2 | Office conference with client. | 1.50 | 300.00 | $450.00 |
| 10/27/2015 | GEG | 3 | Office conference with client regarding schedules. | 1.50 | 300.00 | $450.00 |
| 10/29/2015 | GEG | 16 | Telephone conference with trustee. | 0.30 | 300.00 | $90.00 |
| 10/29/2015 | GEG | 5 | Draft Plan and Plan calculations. | 1.10 | 300.00 | $330.00 |
| 11/04/2015 | GEG | 3 | Prepare correspondence to title company regarding stay. | 0.50 | 300.00 | $150.00 |
| 11/05/2015 | GEG | 2 | Review trustee checklist. | 0.30 | 300.00 | $90.00 |
| 11/06/2015 | GEG | 3 | Review and edit correspondence. | 0.20 | 300.00 | $60.00 |
| 11/11/2015 | GEG | 10 | Review case; legal research issue of reaffirm; telephone conference with creditor. | 1.00 | 300.00 | $300.00 |
| 11/12/2015 | GEG | 3 | Office conference with client. | 0.50 | 300.00 | $150.00 |
| 12/01/2015 | GEG | 16 | Review trustee correspondence; draft response; review F.R.E. | 1.20 | 300.00 | $360.00 |
| 12/07/2015 | GEG | 6 | Prepare for hearing; file review. | 0.60 | 300.00 | $180.00 |
| 12/08/2015 | GEG | 6 | Travel time; attend hearing. | 2.20 | 300.00 | $660.00 |
| 12/09/2015 | GEG | 13 | Review motion by trustee. | 0.30 | 300.00 | $90.00 |
| 12/19/2015 | GEG | 16 | File review; list items to complete for Tee; review amended tax returns; review schedules to amend. | 1.00 | 300.00 | $300.00 |
| 12/22/2015 | GEG | 16 | Review data submitted. | 0.30 | 300.00 | $90.00 |
| 12/23/2015 | GEG | 12 | Review motion for relief from stay; review declaration and supporting documents. | 0.75 | 300.00 | $225.00 |
| 12/29/2015 | GEG | 12 | Begin dictation of motion opposition. | 0.60 | 300.00 | $180.00 |
| 12/29/2015 | GEG | 12 | Review pleadings. | 0.30 | 300.00 | $90.00 |
| 12/30/2015 | GEG | 12 | Review motion docs and Memorandum of P&A's | 1.20 | 300.00 | $360.00 |
| 12/31/2015 | GEG | 16 | Organize checklist of items for trustee. | 0.60 | 300.00 | $180.00 |
| 01/04/2016 | GEG | 16 | Draft correspondence to Deanna Hazelton. | 0.40 | 300.00 | $120.00 |
| 01/07/2016 | GEG | 12 | Complete motion opposition. | 2.10 | 300.00 | $630.00 |
| 01/07/2016 | GEG | 12 | Prepare declaration of Robert Abrams. | 0.50 | 300.00 | $150.00 |
| 01/07/2016 | GEG | 12 | Review Points & Authorities in opposition of RFS. | 1.60 | 300.00 | $480.00 |
| 01/09/2016 | GEG | 16 | Review email from Chapter 13 trustee x4; response to emails by trustee. | 1.20 | 300.00 | $360.00 |
| 01/12/2016 | GEG | 6 | Conference with client at court. (continued 241 meeting) | 0.30 | 300.00 | $90.00 |
| 01/12/2016 | GEG | 6 | Attend Meeting of Creditors; travel time. (continued 341 meeting) | 2.00 | 300.00 | $600.00 |
| 01/12/2016 | GEG | 12 | Review motion opposition docs pre filing. | 0.30 | 300.00 | $90.00 |
| 01/18/2016 | GEG | 12 | Review pleading from Tee. | 0.30 | 300.00 | $90.00 |
| 02/01/2016 | GEG | 12 | File review; prepare for meeting with opposing counsel. | 0.70 | 300.00 | $210.00 |

EXHIBIT B

| Date | Atty | Code | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 02/09/2016 | GEG | 6 | Attend Meeting of Creditors; travel time. | 1.80 | 300.00 | $540.00 |
| 02/16/2016 | GEG | 13 | Review motion with declaration regarding dismissal. | 0.60 | 300.00 | $180.00 |
| 02/22/2016 | GEG | 3 | Review 2 amended tax returns. | 0.30 | 300.00 | $90.00 |
| 02/29/2016 | GEG | 16 | Review correspondence from court clerk. | 0.20 | 300.00 | $60.00 |
| 03/01/2016 | GEG | 16 | Review correspondence from trustee. | 0.30 | 300.00 | $90.00 |
| 03/08/2016 | GEG | 13 | Review pleading. | 0.30 | 300.00 | $90.00 |
| 03/10/2016 | GEG | 6 | Attend hearing; travel time. | 1.00 | 300.00 | $300.00 |
| 03/12/2016 | GEG | 7 | Draft Plan and new declaration. | 2.10 | 300.00 | $630.00 |
| 03/17/2016 | GEG | 16 | Review clerk's order. | 0.20 | 300.00 | $60.00 |
| 03/17/2016 | GEG | 12 | Review amended motion from C. Arroyo. | 0.20 | 300.00 | $60.00 |
| 03/20/2016 | GEG | 7 | Review plan and prepare declaration for motion. | 1.20 | 300.00 | $360.00 |
| 03/28/2016 | GEG | 16 | Review court emails. | 0.20 | 300.00 | $60.00 |
| 03/29/2016 | GEG | 16 | Review Court order. | 0.20 | 300.00 | $60.00 |
| 03/29/2016 | GEG | 7 | Recalculate plan. | 0.60 | 300.00 | $180.00 |
| 03/30/2016 | GEG | 12 | Review order regarding counsel withdrawal; telephone conference with opposing counsel. | 0.30 | 300.00 | $90.00 |
| 03/30/2016 | GEG | 10 | Office conference with client. | 1.00 | 300.00 | $300.00 |
| 04/19/2016 | GEG | 10 | Draft correspondence to Carlos Garcia. | 0.30 | 300.00 | $90.00 |
| 05/02/2016 | GEG | 7 | Review Order Confirming Plan and signed. | 0.30 | 300.00 | $90.00 |
| 07/14/2016 | GEG | 10 | Review Notice of Filed Claims. | 0.30 | 300.00 | $90.00 |
| 07/18/2016 | GEG | 10 | Review Notice of Filed Claims; file review. | 0.30 | 300.00 | $90.00 |
| 2/1/2017 | GEG | 7 | File review; review claims re plan payoff. | 0.6 | 300.00 | $180.00 |
| 2/2/2017 | GEG | 16 | Telephone conference with trustee regarding payoff. | 0.2 | 300.00 | $60.00 |
| 3/24/2017 | GEG | 8 | Draft modified plan; draft motion; draft declaration with Exhibits and draft notice. | 2.2 | 300.00 | $660.00 |
| 3/24/2017 | GEG | 8 | Draft amended Schedule B. | 0.3 | 300.00 | $90.00 |
| 4/4/2017 | GEG | 8 | Final edit motion for plan modification | 0.2 | 300.00 | $60.00 |
| 9/28/2017 | GEG | 16 | Review correspondence from Trudi Manfredo; edit ex parte motion re settlement with Camacho. | 0.4 | 300.00 | $120.00 |
| 12/4/2017 | GEG | 14 | Prepare final fee application. | 2.6 | 300.00 | $780.00 |
| Total | | | | 47.75 | | $14,325.00 |

EXHIBIT B

| Project | Hours | Total Fees Charged |
|---|---|---|
| (1) Pre-petition Consultation and Fact Gathering | 4.2 | $ 1,260.00 |
| (2) Preparation of Voluntary Petition, Schedules and Form 22C | 1.8 | $ 540.00 |
| (3) Independent Verification of Information | 3 | $ 900.00 |
| (4) Amendments to Petitions and/or Schedules | | |
| (5) Original Plan, Hearings, Objections | 1.1 | $ 330.00 |
| (6) 341 Preparation and Attendance | 7.9 | $ 2,370.00 |
| (7) 1st Amended or Modified Plan, Motions, Objections | 4.8 | $ 1,440.00 |
| (8) 2nd Amended or Modified Plan, Motions, Objections | 2.7 | $ 810.00 |
| (9) 3rd Amended or Modified Plan, Motions, Objections | | $ - |
| (10) Claim Administration and Claim Objections | 2.9 | $ 870.00 |
| (11) Motions to Dismiss | | $ - |
| (12) Relief From Stay Proceedings | 8.85 | $ 2,655.00 |
| (13) Motions: *Example, Motion to Value Property, Motion to Avoid Liens, Motion to Incur Debt, Motion to Sell Property, other Motions.* | 1.2 | $ 360.00 |
| (14) Fee Applications | 2.6 | $ 780.00 |
| (15) Discharge and Case Closing | | $ - |
| (16) Case Administration | 6.7 | $ 2,010.00 |
| (17) Other | | $ - |
| (18) Other | | $ - |
| Total Fees | 47.75 | $ 14,325.00 |

EXHIBIT C

Harry Pascuzzi
Susan L. Pascuzzi
Steven R. Stoker
Glen E. Gates
Catherine A. Amador
Robert C. Abrams
Justin Vecchiarelli



(559) 227-1100 tel
(559) 227-1290 fax
2377 W. Shaw Ave.,
Suite 101
Fresno, Ca 93711
www.pascuzzilaw.com
ggates@pascuzzi.net

## BANKRUPTCY LEGAL SERVICE CONTRACT

This document (the "Agreement"), executed in duplicate with each party receiving an executed original, is a written fee contract that California law requires lawyers to have with their clients pursuant to <u>California Business and Profession Code</u> Sections 6147 – 6148, and is intended to fulfill the requirements of that Section.

Pascuzzi, Pascuzzi & Stoker, Glen E. Gates, attorneys at law (hereinafter "Attorney"), will provide legal services to <u>Oscar Gutierrez</u> (hereinafter "Client") on the terms set forth below.

1.　**Nature of Services.** Attorney will provide legal services to Client relating to a Chapter 13 matter.

2.　**Conditions.** This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement and pays the attorney fee called for under Paragraph 3.

3.　**Attorney Fee.** Client hereby agrees to pay Attorney's fee in the amount of $300.00 per hour. The attorney fee does not include court costs, and the Client is to pay for all court costs and any other fees as needed. For certain types of adversary proceedings which are not included in the usual services contemplated (e.g., actions for violation of the automatic stay or to recover preferential transfers under 522(f)), Attorney may agree to perform those services on a contingency basis or file a request for additional fees with the Court.

　　3.1　If the need for any amendments to the Client's Petition or Schedules becomes necessary due to the Client's failure to provide the required information, there will be an additional fee of **$150.00 per amendment as well as any court fees due**. This additional fee must be paid in full before the filing of any amendment.

I have read and understand Section 3.1 above.　　*O.G*
　　　　　　　　　　　　　　　　　　　　　Client Initials

　　3.2　Any services required and not included in the "Scope of Services" below shall require a separate fee agreement. Specifically excluded from the "Scope of Services" are 2004 examinations, dischargeability litigation, and objection to discharge litigation.

Exhibit E

I have read and understand Section 3.2 above.　　　__O.G__
　　　　　　　　　　　　　　　　　　　　　　　　　Client Initials

3.3　**Refund of Fees**

In the event the client determines to forego utilization of Attorney's services, any time spent on the file in excess of the initial consultation shall be billed and charged against any funds paid by Client or Client's agent. The fees charged shall be charged in accordance with the annexed fee schedule. Any designated paid filing fees shall be refunded to the client.

I have read and understand Section 3.3 above.　　　__O.G__
　　　　　　　　　　　　　　　　　　　　　　　　　Client Initials

3.4　**Conversion**

In the event Client seeks to convert from one chapter proceeding to another, Attorney shall be entitled to additional fees to be paid prior to conversion. The amount of fees shall be determined by Attorney's hourly rate times the estimated amount of work for the conversion plus any applicable court fees.

I have read and understand Section 3.4 above.　　　__O.G__
　　　　　　　　　　　　　　　　　　　　　　　　　Client Initials

3.5　**Additional Fees**

The attorney reserves the right to petition the court for additional fees should the time expenditure on the case warrant additional fees. The request for more fees shall be in accordance with the local rules regarding professional fee applications as well as United States Trustee Guidelines and the Bankruptcy Abuse Prevention and Consumer Protections Act.

I have read and understand Section 3.5 above.　　　__O.G__
　　　　　　　　　　　　　　　　　　　　　　　　　Client Initials

4.　**Scope of Services.** Attorney will provide all reasonably necessary legal services to enforce Client's rights as set forth below, except for appeals from any judgment rendered by the court or pre-judgment writs or petitions to a higher court to review an inferior court's action. Such representation will require a separate agreement for costs and attorney's fees. Client will also agree that the entry of the final discharge will terminate Attorney's representation of Client unless additional arrangements are made. Unless Client and Attorney make a different agreement in writing, this Agreement will govern all future services Attorney may perform for Client.

4.1　　Attorney shall prepare and file the Petition and Schedules.

4.2　　Attorney will represent the Client at the 341(a) Meeting of Creditors.

4.3　　Attorney will take reasonable steps to keep Client informed of progress and to respond to Client's inquiries.

4.4　　Attorney is authorized to associate other counsel on Client's behalf any time Attorney deems it necessary or desirable. Attorney will give Client notice of any association. Allocation of legal fees with associated counsel will be made according to Rule 2-108 of the Rules of Professional Conduct of the State Bar of California.

5.　　**Client's Duties.** Client agrees to be truthful with Attorney; to promptly provide all information and documents requested by Attorney' to communicate with Attorney as necessary; to return our telephone calls and respond to our letters; to keep Attorney informed of developments; to do those things that the law requires of Client as a litigant, including responding to discovery requests; to abide by this Agreement; to pay Attorney's bills on time; to keep attorney advised of Client's address, telephone number and whereabouts; and to cooperate fully in preparing and presenting Client's case. Client also agrees to make Client's expectations and goals as clear to Attorney as possible.

6.　　**Release of Client's Papers and Property.** After Attorney's services are concluded, Attorney will, upon Client's request, deliver the file for this matter to Client along with any funds or property of Client's in our possession, subject to any protective order or non-disclosure agreement. Client's file and property includes, but is not limited to correspondence, deposition transcripts, exhibits, experts' reports, legal documents, physical evidence, and other items reasonably necessary to Client's representation, whether Client has paid for them or not. It is further agreed that upon withdrawal or discharge, Attorney will have the right to retain a copy of Client's file. If Client does not request the file for this matter, Attorney will retain it for a period of three years after this matter is closed. If Client does not request the file for this matter before the end of the three year period, Attorney will have no further obligation to retain the file and may, at Attorney's discretion, destroy it without further notice to Client. At any point during the three-year period Client may request delivery of the file.

7.　　**Notice of Privacy Practices.** The following states the Privacy Policy of the firm Pascuzzi, Pascuzzi & Stoker.

Lawyers are now required by the Gramm-Leach-Bliley Act to inform their clients of their policies regarding privacy of client information. Our law firm understands your concerns as a Client for privacy and the need to ensure the privacy of all of your information. Your privacy has always been important to us and your trust and confidence is of the highest priority. Lawyers have been, and continue to be bound by Professional Standards of Confidentiality that are even

more stringent than those required by such Act. Therefore, we have always protected your right to privacy. The purpose of this notice is to explain our Privacy Policy with regard to personal information about you that we obtain and how we keep that information secure.

<u>Non-Public Personal Information We Collect.</u> We collect non-public information about you that is provided to us by you or obtained by us with your authorization and consent.

<u>We Do Not Disclose Any Personal Information About Our Clients or Former Clients to Anyone Except as Permitted by Law and Any State Ethics Rules.</u> We do not disclose any non-public personal information about current or former clients obtained in the course of our representation of those clients, except as expressly authorized by those clients to enable us to accomplish the purpose of our representation, or as required or permitted by law or applicable provisions of Codes of Professional Responsibility or ethical rules governing our conduct as lawyers. We have no business affiliations with any institutions, and there are no exceptions or loopholes in our policy.

<u>Confidentiality and Security.</u> We retain records relating to professional services that we provide so that we are better able to assist you with your professional needs and to comply with professional guidelines or requirements of law. In order to guard your non-public personal information, we maintain physical, electronic and procedural safeguards that comply with our professional standards.

Further representations include that the attorney carries malpractice insurance.

8.  **Arbitration of Fee or Other Disputes.** Any dispute between Client and Attorney as to the reasonable value of services under this Agreement shall be arbitrated under the provisions of the State Bar Fee Arbitration Program set forth in Sections 6200 – 6206 of the <u>California Business and Professions Code</u> as administered by the Fresno County Bar Association and shall be submitted to and decided by the Fresno County Bar Association Program. Any dispute (other than one concerning legal fees only) including, but not limited to disputes as to the quality of Attorney's services, breach of fiduciary duties, or any other aspect of our attorney-client relationship, will be determined by submission to non-binding arbitration as provided by California law.

9.  **Attorney's Fees and Costs in Action on Agreement.** The prevailing party in any action or proceeding to enforce any provision of this Agreement will be awarded reasonable attorney's fees and costs incurred in that action or proceeding or in efforts to negotiate the matter.

10. **Disclaimer of Guarantee.** Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Client acknowledges that the Attorney has made no promises about the outcome and that any opinion offered by Attorney in the future will not constitute a guarantee.

11. **Non-Waiver of Agreement.** There is to be no change or waiver of any of the provisions of this Agreement unless the change is in writing, signed by both Client and Attorney.

12. **Entire Agreement.** This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement, will be binding on the parties.

13. **Severability in Event of Partial Invalidity.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire agreement will be severable and remain in effect.

14. **Modification by Subsequent Agreement.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or any oral agreement to the extent that the parties carry it out.

15. **California Law Governs Contract.** Attorney has negotiated and entered into our contract in the County of Fresno, State of California. The contract shall be interpreted according to California law. Fresno County shall be venue jurisdiction for any action brought relating to the validity or enforceability of this contract, including fee or other arbitration.

16. **Place of Contract.** This Agreement is entered into at Fresno, California, and it shall come into existence upon acceptance and execution by the Attorney at Fresno, California. This provision is not meant to exempt Client from liability to pay for legal serves performed by Attorney pursuant to Client's request, prior to the execution and acceptance of this Agreement.

17. **Effective Date.** The effective date of this Agreement will be the date when, having been executed by client, one copy of the Agreement is received by Attorney and Attorney receives the initial deposit required in Paragraph 5 of this agreement, or Attorney accepts late receipt. The date at the end of this agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

18. **THIS OFFICE DOES NOT PROVIDE TAX ADVICE.** ANY PORTION OF ANY AGREEMENT OR ANY ISSUE DEALING WITH TAXATION MUST BE REVIEWED BY A COMPETENT CERTIFIED PUBLIC ACCOUNTANT FAMILIAR WITH BANKRUPTCY LAW ISSUES. UNDER NO CIRCUMSTANCES WILL THIS OFFICE ATTEMPT TO ADVISE ANY CLIENT ON TAX ISSUES.

19. **Compensation for Testifying in Any Case Relating to Client.** In the event that this office or any employee of this office is subpoenaed to testify in any proceeding pertaining to the facts of any case relating to the client, the attorney and/or the employee shall be entitled to

hourly compensation at the then charged rate for testimony and preparation.

I have read and understand Section 19 above.  _O.G_
                                            Client Initials

20.   I/We have read and understand the foregoing terms and those set forth on any addendum to this agreement and agree to them as of <u>October 28, 2015,</u> the date services were first provided. If any part of the Agreement is not clear to me/us, I/we understand and acknowledge I/we are free to ask Attorney to explain it further before the Agreement is signed. I/we further understand and acknowledge that I/we have the right to consult with another attorney about any aspect of this Agreement. If more than one party signs below, we each agree to be liable, jointly and severally, for all obligations under this Agreement.

Dated: _____

_____
Client

Dated: _____

_____
Client

Dated: _____

/s/ Glen E. Gates
GLEN E. GATES, Attorney

## ANNEXED FEE SCHEDULE

| | |
|---|---|
| GLEN E. GATES | $300.00 hour |
| ASSOCIATE | $225.00 hour |
| LAW CLERK | $130.00 hour |
| PARALEGAL | $130.00 hour |
| CLERICAL | $30.00 hour |
| TELEPHONE CALL | .3 hour |
| OFFICE CONFERENCE | 1.0 hour |
| COURT APPEARANCE (includes travel time) | 1.5 hour |
| DOCUMENT REVIEW | .3 hour |
| MEMO TO FILE/FILE REVIEW | .3 hour |
| CORRESPONDENCE TO CLIENT | .5 hour |
| LEGAL RESEARCH | ACTUAL |
| COURT TIME (Portal to Portal) | ACTUAL |
| COURT COSTS (e.g., service of process, filing fees, deposition, etc.) | ACTUAL |

I have read and understand the annexed fee schedule above.   _O.G_
                                                          Client Initials