**5**

**TRUDI G. MANFREDO, Bar No. 166474**
THE LAW OFFICE OF TRUDI G. MANFREDO
377 W. Fallbrook Ave., Ste. 102
Fresno, California 93711
Telephone:　(559) 242-5577
Facsimile:　(559) 513-8148

Attorney for PETER L. FEAR
Chapter 7 Trustee

**GLEN E. GATES, Bar No. 85885**
GATES LAW GROUP
2445 Capital St., Ste. 160E
Fresno, California 93271
Telephone: (559) 432-9944
Facsimile: (559) 513-8148

Attorney for LETICIA CAMACHO
and OSCAR GUTIERREZ

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| In the Matter of<br><br>LETICIA CAMACHO,<br><br>　　　　Debtor. | ☐ **Case No. 15-14225-B-7**<br>　　Chapter 7<br>　　DC#: TGM-3<br>　　Date:　December 5, 2017<br>　　Time:　9:30 a.m.<br>　　Dept.: B, Courtroom 13,<br>　　<u>Honorable René Lastreto, II</u> |
|---|---|
| In the Matter of<br><br>OSCAR GUTIERREZ,<br><br>　　　　Debtor. | ☒ **Case No. 15-14228-B-13**<br>　　DC#: TGM-1<br>　　Date:　December 6, 2017<br>　　Time:　1:30 p.m.<br>　　Dept.: B, Courtroom 13<br>　　<u>Honorable René Lastreto, II</u> |

**ORDER AUTHORIZING TRUSTEE'S MOTION FOR
AUTHORITY TO COMPROMISE A CONTROVERSY BETWEEN
JERRY R. LOWE, ATTORNEY FOR DEBTOR, AND
CHAPTER 7 TRUSTEE**

　　This matter came on regularly for hearing before the Honorable

RECEIVED
December 11, 2017
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006183024

René Lastreto, II, United States Bankruptcy Judge, on December 6, 2017, at 1:30 p.m. in Department B, Courtroom 13, United States Bankruptcy Court, 2500 Tulare St., Fresno, California. The Court's records indicate that no timely written opposition has been filed. The matter was resolved without oral argument. No appearance was necessary.

The Court, having reviewed the documents filed in this matter and the evidence submitted thereon,

IT IS HEREBY ORDERED ADJUDGED AND DECREED as follows:

1. Default of the responding party is entered for failure to appear, timely oppose, or otherwise defend the matter.

2. Trustee's Motion to Authorize Compromise Between Oscar Gutierrez, Debtor of Bankruptcy Case No. 15-12228-B-13, and Peter L. Fear, Trustee of the Bankruptcy Estate of Leticia Camacho, Case No. 15-14225-B-7, is granted.

3. Each estate will receive one half of the Settlement Sum or $19,000.00, as set forth more fully in the Settlement Agreement attached hereto as **Exhibit 1**.

4. This order is limited to the claims compromised as described in the motion.

PRESENTED BY:

/s/ TRUDI G. MANFREDO
Trudi G. Manfredo,
Attorney for Trustee

Dated:

　Dated: Dec 12, 2017

By the Court

*[signature]*

René Lastreto II, Judge
United States Bankruptcy Court

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into by and between PETER L. FEAR, Chapter 7 Trustee ("Trustee Fear") of the Bankruptcy Estate of LETICIA CAMACHO, Bankruptcy Case No. 15-14225-B-7 and OSCAR GUTIERREZ, Chapter 13 Debtor, Bankruptcy Case No. 15-14228-B-13.

## RECITALS

A.     On October 30, 2015, LETICIA CAMACHO ("CAMACHO") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code (Case No. 15-14225-B-7).

B.     On October 30, 2015, OSCAR GUTIERREZ ("GUTIERREZ") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code (Case No. 15-14228-B-13).

C.     One of the assets both bankruptcy estates is a lawsuit settlement in the amount of $38,000.00 ("Settlement Sum").

D.     The issue being resolved by this settlement is the distribution of the Settlement Sum between the two bankruptcy estates.

## AGREEMENT

NOW, THEREFORE, in consideration of the premises and the mutual compromises and covenants contained herein, Trustee Fear and Gutierrez agree as follows:

1.     <u>Settlement</u>.
The Settlement Sum shall be equally divided between the two bankruptcy estates. This settlement is not effective unless approved by the Bankruptcy Court in <u>both</u> bankruptcy estates.

2.     <u>Release</u>.
Except as otherwise set forth herein, each party hereto forever releases, waives and relinquishes any and all claims, demands, actions, or causes of action against the other party hereto and his, her or its respective officers, agents, affiliates, successors and assigns. In connection with such waiver and relinquishment, each party hereto acknowledges that each party is aware that he, she or it may hereafter discover facts in addition to, or different from, those which that party now knows or believes to exist but that it is each party's intention hereby fully, finally and forever to settle and release all of the claims, disputes and differences, known or unknown, suspected or unsuspected, which now exist or may exist hereafter between the parties, except as otherwise expressly provided in this release.

1

Exhibit 1 Page 1 of 3

This release shall be, and shall remain in effect, as a full and complete release notwithstanding the discovery or existence of any such additional or different facts.

3. <u>Waiver of Civil Code Section 1542</u>.
Except as otherwise provided in this agreement, each party hereto acknowledges that they are familiar with and voluntarily waive any right or benefit arising from Section 1542 of the Civil Code of the State of California which provides as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement."

4. <u>Warranty</u>.
Each party warrants and represents to the other that they are the sole lawful owner of all right, title and interest in and to all of the claims released hereby and that they have not heretofore voluntarily or involuntarily by operation of law or otherwise, assigned or transferred or purported to assign or transfer to any person any such claim or any portion thereof.

5. <u>Defense</u>.
Each party agrees not to sue the other or in any way assist any other person or entity in suing the other with respect to any claim released herein. This release may be pled as a full and complete defense to, and may be used as the basis for, an injunction against any action, suit or other proceeding that may be instituted, prosecuted, or attempted in breach of release contained herein.

6. <u>No Admission</u>.
Nothing contained herein shall be construed as an admission by any one of any liability of any kind.

7. <u>Authority</u>.
Each party hereto acknowledges that they have authority to enter into this agreement.

8. <u>Parties Bound</u>.
The parties agree that this settlement and release shall be binding upon their respective successors, heirs, representatives and assigns and shall inure to the benefit of the parties, their agents, successors, heirs, employees, representatives, attorneys, partners and personal representatives, past or present of the Parties.

9. <u>Counterpart</u>.
   This Agreement may be signed in counterpart.

10. <u>Jurisdiction</u>.
    In the event of any disputes over the interpretation, consummation or enforcement of any provision of this Agreement, jurisdiction to determine such dispute shall be
    solely in the U.S. Bankruptcy Court presiding over the pending case so long as said Court otherwise has jurisdiction.

    IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

Dated: 11-1-17　　　　　　　　/s/ PETER L. FEAR
　　　　　　　　　　　　　　　Peter L. Fear, Chapter 7 Trustee
　　　　　　　　　　　　　　　of the Camacho Bankruptcy Estate
　　　　　　　　　　　　　　　Case No. 15-14225

Dated: 10-31-17
　　　　　　　　　　　　　　　/s/ OSCAR GUTIERREZ
　　　　　　　　　　　　　　　Oscar Gutierrez, Chapter 13 Debtor
　　　　　　　　　　　　　　　Bankruptcy Case No. 15-14228

Dated: 10-31-17　　　　　　　GATES LAW GROUP, A PROFESSIONAL
　　　　　　　　　　　　　　　CORPORATION

　　　　　　　　　　　　　　　/s/ GLEN E. GATES
　　　　　　　　　　　　　　　Glen E. Gates, Attorney for Oscar
　　　　　　　　　　　　　　　Gutierrez

Dated: 11-2-17　　　　　　　LAW OFFICE OF TRUDI G. MANFREDO

　　　　　　　　　　　　　　　/s/ TRUDI G. MANFREDO
　　　　　　　　　　　　　　　Trudi G. Manfredo, Attorney for
　　　　　　　　　　　　　　　Trustee